## RAYMOND and Another *v.* THOMAS.

APPEAL from the *Wayne* Circuit Court.

RAY, J.—This was an action by *Raymond* and *Cowden* against *Thomas*, for the recovery of rent. Upon the question of the amount of rent due, the appellant, the plaintiff below, testified as follows: "I have always had the supervision and care of the property. I rented the property to *Thomas* in 1857, or as soon as I got possession of it. He has paid me rent to *September* 1st, 1863. Rents prior had been eight and one-third dollars per month. I then notified him that the rent from that time forward would

be ten dollars per month. He has paid me nothing since *September* 1st, 1863. I rented to him at $100 per year, or $8 33 per month; no written lease. I rented to him in no particular name. I think I gave the receipt for rent as agent of *Cowden.* Do not know that I have stated my interest or claim in the property to anybody until recently." The evidence of the defendant, *Thomas,* was as follows: "When the property was rented to me, no time was fixed, but I was to have it at $100 per year as long as I wished to retain it. There was no agreement as to when, or how often, rent should be paid. The rent commenced *August* 1st, 1857. I paid *Raymond* rent to the 1st of *September,* 1863." Receipts for rent were filed, signed by *Raymond,* as agent of *Cowden.* One hundred dollars of rent was paid in sums of eight and one-third dollars. Two hundred and sixteen dollars and sixty cents was paid in larger sums, at various intervals of time. The suit was commenced *July* 19, 1864. This was all the evidence given upon that issue, and we can well understand that the court, upon this evidence, must treat the contract as a lease from year to year, and no time having been fixed for the payment of rent, no action could have been maintained until *August* 1st, 1864, the close of the year. In this view of the evidence, the rulings of the court below upon other issues are immaterial, and are not presented by the record for decision. If the appellants had no claim upon the appellee for rent due, they cannot, by simply asserting such a claim, require us to determine whether their title to the property is perfect.

The judgment below is affirmed, with costs.

*G. H. Johnson, L. Develin* and *N. H. Johnson,* for appellants.

*J. P. Siddall,* for appellee.