JAMES A. BARKER v. JOHN C. OWEN et als.

### *Betterments—Homestead—Limitations.*

1. Although the statute bars a recovery of rents and profits which have accrued more than three years before the bringing of the action, yet if the defendant sets up a claim for betterments, the bar is removed and such rents and profits are available against the valuation for improvements, so far as is necessary to extinguish such claim.

2. Under The Code, §474, the proper inquiry for the jury on the question of damages is the annual value of the property, exclusive of the improvement put on it by the defendant and those under whom he claims.

3. The plaintiff has the right to relinquish his estate in the land, upon payment to him by the defendant of its value unimproved.

4. If the plaintiff does not exercise this election, but elects to take the land, the sum adjudged to the defendant for the improvements is a lien on the land, and if not paid, an order may be made to sell the land for its payment.

5. A defendant is entitled to an allowance of the value of improvements put by him on land, whether the plaintiff's claim be equitable or legal.

6. The act allowing the defendant for improvements made on land (The Code, §§474 et seq.) is constitutional.

7. As the improvements put on land by a defendant belong to him in equity, the plaintiff is not entitled to a homestead in the improved lands, against a judgment for the improvements.

(*Merritt* v. *Scott*, 81 N. C., 385; *Wharton* v. *Moore*, 84 N. C., 479; *Justice* v. *Baxter*, decided at this term, cited and approved).

Inquiry to ascertain the rents and damages claimed by the plaintiff, and the value of the improvements made by the defendant on land recovered in an action of ejectment, tried before *Montgomery, Judge*, and a jury, at Fall Term, 1885, of Randolph Superior Court.

The plaintiff, suing *in forma pauperis*, recovered judgment against the defendants for the land in controversy, which on their appeal, no error being shown, was affirmed in this Court at October term, 1884. The defendant Owen, who had been put in possession by the defendant Pope, who held a deed for the premises, under a bond for title executed by him to the former, applied by petition to the Court to be allowed the enhanced value of the land from improvements put upon it in good faith, and under color of title believed to be good, according to the Act of 1871–'72. The Code, §473, *et seq.*

The plaintiff made answer controverting the claim, and thereupon certain issues eliminated from the pleadings and set out in the records, were submitted to the jury, whose findings will be hereafter stated. On the trial the plaintiff proposed to show the annual rental value of the premises in their improved condition. To this inquiry the defendant objected, and his objection was sustained upon the ground that the rental value, exclusive of that imparted by the improvements, was to be estimated under the provisions of the act. The Code, §474. To this ruling the plaintiff excepts.

Upon the rendering of the verdict, the defendant Owen, the defendant Pope having died, moved for judgment, which was

allowed, and with the recital of the facts upon which it was founded is as follows:

"This cause coming on to be heard, and the same being submitted to the jury upon the issues, and the jury having found,

1. That at the time the improvements were put upon the land, and the premises mentioned in the complaint by the defendant Owen, he had reason to believe his title to the land good.

2. That at the time the improvements were made, the defendant Owen had no notice in writing of the title under which the plaintiff, Barker, claims.

3. The improvements made by the defendant prior to ·Feb. 1880, enhanced the value of the land the sum of five hundred and fifty-seven ($557) dollars.

4. That the annual rental value of the land is forty dollars; and

5. That the damages, waste and other injuries to the land is the sum of $12.50.

And it being agreed by the parties hereto, that upon this finding by the jury, his Honor may ascertain the aggregate amount of rentals for the period of six and one-half years, that is to say, from the 24th day of August, 1878, to the 24th day of February, 1885; and his Honor having found as a fact that the rentals from the said period of six years and six months, at the sum of $40 per annum, amounts to the sum of $260.00; and it being further agreed by the parties hereto, that his Honor after deducting the said sum of $260 for rents, and the sum of $12.50 damages for waste, &c., as aforesaid, from the amount of $557.00, the enhanced value of the land as aforesaid, should strike the balance. And his Honor having struck said balance by deducting the said amounts as aforesaid from the said amount of enhanced value, &c., and finds as a fact that the difference in favor of the defendant Owen, is the sum of $284.50.

It is therefore ordered, adjudged, and decreed by the Court, that the said sum of $284.50 is a lien upon the land mentioned and described in the complaint in favor of the defendant Owen, and that the land is bound therefor, and that he recover the

same in this action, and it is further ordered, adjudged and decreed by the Court, that if the said sum of $284.50, with the costs of the proceedings for betterments and improvements, is not paid into the office of the Clerk of this Court, on or before the first day of January, A. D. 1886, by the plaintiff, the Clerk of this Court is hereby directed and ordered to sell the said land at the court-house door in Ashboro, after first having given thirty days' notice of sale at the court-house door in Ashboro, and four other public places in the county of Randolph, at public outcry, to the highest bidder for cash, and upon the payment of the purchase money execute to the purchaser a title to the same, and out of the proceeds arising from such sale, after first paying the costs of sale, including the sum of $20 to the Clerk for making sale, (1) pay to the defendant Owen the said sum of $284.50 with interest from this term ; (2) pay into the Clerk's office the costs of the proceedings for betterments, and (3), the balance, if any, pay over to the plaintiff, James A. Barker."

From this judgment the plaintiff appealed.

*Messrs. Scott & Caldwell* and *J. T. Morehead*, for the plaintiff.
*Messrs. M. S. Robins* and *John N. Staples*, for the defendant.

SMITH, C. J. (after stating the facts). The ruling upon the inquiry to be made by the jury, is in accord with the directions of the statute, which is in these words : "The jury in assessing such damages, should estimate against the defendant the clear annual value of the premises during the time he was in possession thereof, *exclusive of the use by the tenant of the improvements thereon made by himself or those under whom he claims;* and also the damages for waste or other injury to the premises committed by the defendant." §474 of The Code.

The plaintiff excepts to the judgment on two grounds :

1. That the act is the taking of property from the owner, and giving it to a trespasser, and is unconstitutional and void.

2. That so much of the judgment as directs a sale in case of non-payment of the sum which the statute undertakes to put upon the land as a lien, is unwarranted by law.

Statutes very similar to ours have been passed in many of the States, but none with more equitable provisions for the protection of the interest of the owner.

As the statute bars a recovery for damages accruing more than three years before the bringing of the action, the bar is removed, and they are made available against a valuation of improvements above the damages that are not barred, so far as necessary, if sufficient to extinguish the claim for improvements.   §477.

So, if the enhanced value is greatly disproportionate to the value of the land unimproved, so that it might almost be said that the owner is "improved out of his property," he has an election to let the land go, relinquishing his estate, upon payment by the defendant of its value as unimproved.   §484.

If the payment is not made to the plaintiff or into court for his use within a time to be fixed by the Court, a sale may be ordered, and therefrom the sum due the plaintiff taken, and the residue, if any, paid to defendant.  §485.

. If the plaintiff does not exercise his right of election, the sum adjudged the defendant constitutes a lien upon the land, and this can only be made effectual and enforced, if not paid without, by a sale of the premises.   §479.

Provision is also made when the plaintiff's estate is not a fee-simple, for an equitable apportionment of what is to be paid to the defendant, between him and those. who own the remainder or reversion in the land.

As this Court said in the opinion in *Merritt* v. *Scott*, 81 N. C., 385, the owner of land who recovers it, has no just claim to anything but the land itself, and a fair compensation for being kept out of possession, and if it has been enhanced in value by improvements, made under the belief that one was the owner, *the increased value* he ought not to take, without some compensation to the other.   *This obvious* equity is established by the act."

So, Mr. Justice ASHE, delivering the opinion in *Wharton* v. *Moore*, 84 N. C., 479, expresses the rule thus : "The right to betterments is a doctrine that has gradually grown up in the practice of the courts of equity, and while it has been adopted in many of the States, it is not recognized in others. But it may now be considered as an established principle of equity, that whenever a plaintiff seeks the aid of a court of equity, to enforce his title against an innocent person, who has made improvements on land without notice of a superior title, believing himself to be the absolute owner, aid will be given to him, only upon the terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises, by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity."

As there are now no separate courts in which the rule can be enforced, and all relief must be sought in one tribunal, the Legislature has embodied the principle in the form of law, and made it operative when land is sought to be recovered by action without regard to former distinctions.

We have recognized the validity of this legislation in the case of *Justice* v. *Baxter*, decided at the present term, when the value of the improvements, upon the testimony, seemed to constitute a very large portion of the premises as improved, and we have no hesitation in expressing our conviction that the act contravenes no part of the organic law, Federal or State.

We have met in our researches but a single case (there may be others which have escaped us), where the validity of such a statute has been contested on the ground of its repugnancy to the constitution, and it is there held that the reimbursement for the expense of improvements, made by one in possession, in good faith, and who is evicted, "is not unconstitutional nor inconsistent with equity or the civil law." *Saunders* v. *Wilson*, 19 Tex., 194. The case relied on by plaintiff's counsel, *McCoy* v. *Grandy*, 3 Ohio St., 463, by no means impugns, but affirms the validity of such legislation. The ruling there, as given in the syllabus, which

for brevity we quote, is thus expressed in two propositions. " The option which this law gives to the owner of land after a recovery in ejectment, either to take the land on paying for the improvements, or to take the amount of its value in money, without the improvements, secures to the owner the property in the land, and at the same time protects the occupying claimant in his *equitable claim* to a compensation for his improvements."

"But the amendatory act of 1849, giving to the *occupying claimant* the option which the original act gave to the owner of the land, thus taking the property away from the owner after the solemn form of a recovery and judgment in ejectment, and transferring it to his unsuccessful adversary, who is ordered to be ejected as an intruder upon the land, is a palpable invasion of the right of private property."

This ruling is clearly right in both particulars, and meets our full approval. The former act, like our own in the feature adverted to, is free from objection, while the amendment is little less than a direct confiscation of the property of one person for the use of another, which can find sanction in no just form of constitutional government.

It was also urged that this enactment interferes with the right of homestead, by withdrawing from it a part of the estate which it might become necessary to set apart to an insolvent debtor, but the debtor had only the unimproved land to which the right of homestead could attach. The improvements are in equity, and under our statute, the property of another. They constitute an encumbrance upon the land. The statute in the cases provided for, only separates these united interests, securing the land to the owner, its increase in value from the labor and expenditure upon it, to him who made them. The owner's estate thus ascertained may be subject to the exemption—it is unabridged by the disjunction.

We are of opinion there is no error in the record.

No error.                            Affirmed.