R. D. JOHNSTON v. GEORGE D. PATE.

*Betterments— Construction of Statute.*

Where, after a recovery by the plaintiff, in ejectment, the defendant, in apt time, applied to the Court to have the value of the betterments allowed him, and the Court directed that execution be stayed till such value could be ascertained, upon the defendant giving bond, conditioned to pay all damages, &c., which might be assessed against him, and the defendant failing to give such bond, a writ of possession issued, and was executed, *It was held,*

(1). That the failure to give the bond did not discontinue the action in respect to the claim for betterments.

(2). The Court has no power to refuse to institute an inquiry as to the defendant's right to betterments, when application has been properly made.

(3). The Court has discretion to direct the issuing or suspension of the execution of the judgment pending such inquiry.

(4). When a statute directs the performance of an act for the promotion of justice or the public good, if it is necessary to secure these objects, the word "*may*" will be construed as mandatory—equivalent to the word *shall.*

(*Parker* v. *Owen*, 93 N. C., 198, cited and approved).

The action was tried before *Shepherd, Judge,* at February Term, 1886, of CRAVEN Superior Court, upon a petition filed by defendant for an allowance for betterments.

After the termination of the plaintiff's action, in his recovery of the land sued for, reported in 90 N. C., 334, the defendant applied, in the Superior Court, for an allowance for the increased value imparted to the land by improvements made thereon, while he was in possession, and acting under a *bona fide* belief of his title, the facts of which, as therein stated, are verified by oath.

The allegations in the petition not being controverted, at Fall Term, 1880, it was ordered that the case be continued, and that

the defendant enter into bond, payable to the plaintiff, in the sum of five hundred dollars, conditioned, to pay all damages, rents and profits that may be assessed against him, in the trial of the action, and in the meantime, that the defendant be enjoined from committing waste of any kind. And it is further ordered, that upon giving the bond, above required, execution be stayed.

The bond was never given, and on February 2d, 1881, a writ of possession and execution issued to the sheriff, who carried out the mandate, and returned the writ, with endorsement of satisfaction.

Upon the hearing of the defendant's petition, at February Term, 1886, the plaintiff's counsel moved to dismiss the application, upon the following assigned grounds:

1. For that upon the failure of the defendant to file the bond required in the order of *Graves, Judge,* and the issuing execution and return of the writ of possession and execution, as above set forth, the original action was at an end, and the petition, which was a proceeding in the cause, could not be entertained after the determination of the main action.

2. For that *Graves, Judge,* before whom said petition was presented, permitted said question of betterments to be tried and determined in said action upon a condition, to-wit: the filing of a bond by the defendant, as set forth in the order of *Graves, Judge,* and that as the trying and determining said question of betterments in the original action was within the discretion of the Judge before whom said petition was presented, and as the permission to try said question in said main action was granted, and the execution stayed, upon the condition above set forth, and as the condition had never been performed by the defendant, the petition was not properly before the Court in said action, and could not be entertained. The motion was overruled, and the Court within its discretion, allowed the defendant then to proceed to trial upon his said petition. The plaintiff excepted. A jury was empaneled and found all issues in favor of the defendant. Motion for a new trial overruled. Plaintiff appealed.

*Mr. W. W. Clark,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the facts).   We cannot give our
assent to either of these propositions, nor yield to the force of the
argument urged in their support.

The cause was not determined by the defendant's failure to
give the required bond.

It was retained by the order of continuance, and the bond was.
but a prerequisite to the suspension of process for enforcing the
judgment, and the issuing of the injunction against the plaintiff.
Such is the obvious intent and effect of the interlocutory order.

The omission to furnish the indemnity, warranted the issue of
the writ sued out by the plaintiff, and it has been executed.   But
the supplementary proceeding of the defendant remained in Court,
and was properly taken up and acted on afterwards.

The appellant's counsel insists, that the words used in the
statute, (The Code, §473), that a defendant "*may,* at any time before
the execution of such judgment, present a petition," &c., and
"thereupon the Court *may, if satisfied of the probable truth of*
*the allegation,* suspend the execution of such judgment, and em-
panel a jury to assess the damages of the plaintiff, and the allow-
ance to the defendant for such improvements," imply a discre-
tion in the Court, and do not confer a right on the defendant to
demand such allowance.

If that were so, the Court did exercise its discretion, and after
overruling the plaintiff's motion, "within its discretion allowed
the defendant to proceed to trial upon his said petition," as.
shown in the record, and, as we have seen, no obstacle in the way
of so doing is presented in the requirement of an indemnifying
bond.

But we do not concur in this construction of the act.   The
proceeding was instituted in time, and the words, that "the Judge
or Court *may,* if satisfied of the probable truth of the allega-
tion, suspend," &c., may confine the Court to the order of sus-

pension or arrest of proceedings, " but if satisfied," &c., the Court cannot, when the application is made in apt time and regular course, withhold the institution of the inquiry as to betterments, and deny to the defendant the statutory relief given him.

The term "may" is often construed as mandatory when the statute is intended to give relief.

In *Rex* v. *Barlow*, 2 Salk., 609, it is said that when a statute directs the doing of a thing for the sake of justice or the public good, the word "may" is the same as the word "shall."

In *Mason* v. *Fearson*, 8 How., U. S., 248, Mr. Justice WOODBURY, after citing numerous cases, uses this language: "Without going into more details, these cases fully sustain the doctrine, that what a public corporation or office is empowered· to do for others, and *it is beneficial to them to have done*, the law holds he ought to do."

There is no error in the rulings.

The method of procedure in cases arising under the act, is pointed out in the opinion in 'the late case of *Barker* v. *Owen*, 93 N. C., 198, and to the end that the cause may proceed according to law, in the Court below, it is remanded.

The appellant will pay the costs of the appeal. It is so ordered.

No error. Affirmed.