*JAMES A. BRYAN AND WIFE v. CAROLINA ALEXANDER.

*Betterments—Improvements—Res Judicata.*

1. The remedy for betterments provided by *The Code*, § 473, *et seq.*, is confined to those cases where those who set up such claim are in possession under color of title, believed by them to be good, and to such persons as claim under them.

2. Where, in a former action between the same parties, an issue was joined involving the question of the claim of defendants under color of title, and it was determined adversely to defendants: *Held*, That such adjudication was conclusive upon a petition for betterments, the matter being *res judicata*.

---

*CLARK, J., did not sit on the hearing of this case.

This cause was heard at Spring Term, 1892, of CRAVEN Superior Court, *Winston, J.*, presiding, upon a petition for betterments; *vide* same case, 109 N. C., 57. The defendants appealed. The case is stated in the opinion.

*Mr. W. W. Clark*, for plaintiff.
*Mr. J. W. Hinsdale*, for defendant.

MACRAE, J.: An action for the recovery of land having previously been determined in favor of plaintiffs, the defendants presented their petition for betterments, under the statute, in which petition they allege that they "went into possession of the said several parts of said land and held such possession since the 25th day of September, 1867, by themselves and those under whom they claim said land, under a title believed by them to be good, as petitioners are informed and believe; and that defendants and those under whom they claim, while holding the said premises under a color of title, believed by them to be good, as petitioners are informed and believe, have made permanent improvements thereon."

The plaintiffs in answer to the petition plead, among other things, that the defendants are estopped by the finding of fact on the trial of the action, that the defendants were in possession of said premises without any color or claim of title whatever.

It was agreed in the Court below that if his Honor were of the opinion that the defendants were estopped by such decree and judgment, he should deny and decline the application for betterments. His Honor held that so many of the defendants as are *sui juris* are estopped by the judgment of the Court, declaring that they have not color of title to the land in controversy, and that they are not entitled to the relief demanded in their petition.

In the action for the recovery of the land it was submitted to the Judge presiding to find the facts and declare the law—

a jury trial being waived. His Honor after finding the facts held :

"10. That the entry of the defendants upon the land and the occupation of the several lots or parcels thereof by them on March 14, 1863, was without color of title, and that such entry constituted an ouster of the true owners.

11. That after the signing of the deed of September 25, 1867, by Southey B. Hunter and others to James Salter, the defendants continued to occupy their said several lots inclosed by them in the same manner as before, and the character of their possession was thereby unchanged. This finding is based upon the fact that the testimony in respect thereto is conflicting, and taken in connection with the answer, November 11, 1890, the Court is unable to find that they were holding under the provisions of said deed for seven years prior to the commencement of this action."

It plainly appears from the above statement that the question whether the defendants held under color of title was in issue and was determined by the judgment of the Court adversely to the defendants. The provisions of the statute (*The Code*, section 473, *et seq.*) confine the relief to be obtained by petition for betterments to those who, while holding the premises under color of title believed by him or them to be good, made permanent improvements thereon, and to those claiming under such parties. There is nothing better settled than that where an issue between parties has once been determined by a judgment of a competent Court the principle of *res judicata*, often called an estoppel, prevails. *Williams* v. *Clouse*, 91 N. C., 322.

The proceeding before us is the statutory mode of seeking equitable relief under the doctrine of betterments. *Barker* v. *Owen*, 93 N. C., 198. "In the application of the principle of *res judicata*, there is no difference between courts of law and courts of equity. Where an issue of fact or of law has been adjudicated upon the merits in either tribunal, it

cannot be again litigated in the other." 2 Black on Judgments, 518. It having been determined that these defendants did not hold the land under color of title when the improvements were made thereon, and this judgment of the Court having been affirmed on appeal (*Bryan* v. *Spivey*, 109 N. C., 57), we are precluded from reviewing the finding that the deed to Salter did not constitute color of title.

In holding that the petitioners are not entitled to the relief sought in their petition, there is no error.

Judgment Affirmed.