CAROLINE SOUTHERLAND v. DAVID MERRITT.

*Action to Recover Land—Mortgagor and Mortgagee—Mortgagee Purchasing at His Own Sale—Betterments.*

Where a mortgagee purchased at his own sale and took possession and made betterments, and in an action to recover possession by the mortgagor the latter was adjudged entitled thereto upon payment of the mortgage debt, the mortgagee is not entitled to allowance for such betterments, since he is charged with notice of defect in his title.

CIVIL ACTION, for the recovery of land, tried before *Coble*, J., at December Term, 1896, of DUPLIN Superior Court, on petition of defendant for allowance for betterments. His Honor denied the motion, setting out in his judgment the judgment rendered at December Term, 1895, of said court by Timberlake, J., from which the facts involved can be gathered. The latter judgment was as follows:

"This cause coming on to be heard before his Honor, E. W. Timberlake, J., and a jury, and the jury having found that the balance due on the mortgage debt is fifty and 56-100 dollars and that the annual rental value of mortgaged land is ten dollars per year, and it being admitted by the answer of the defendant that he took possession of the mortgaged land in January, 1892, and has held said land for four years, and that the total amount of said rent is forty dollars, and the jury having found that the defendant bought at his own sale in a pretended foreclosure in 1892, it is, on motion of J. D. Kerr, attorney for plaintiff, considered and adjudged that the sum of forty dollars of annual rental value found by the jury be applied to the payment and satisfaction of the mortgage debt, and the register of deeds of Duplin county enter on the record in his office of the registry of the motgage made by James Southerland and wife, Caroline V. Southerland, to Lewis

Herring, a credit of forty dollars on said mortgage, and that the defendant recover of the plaintiff ten 56-100 dollars, the balance due of the said mortgage debt; and, after paying off the debt as found due on said mortgage indebtedness, it is further considered and adjudged that the deeds made by David W. Merritt to T. G. Powell, and the deed made by T. G. Powell to David W. Merritt, for the land described in the complaint, are hereby adjudged null and void, and the register of deeds shall enter on said record the words 'Canceled by order of the Superior Court of Duplin county at the December Term, 1895,' on both of said deeds now on record in his office. It is further considered and adjudged that the plaintiff is the owner of and entitled to the possession of the lands described in the complaint, and that the clerk of this court will issue his writ ejecting the defendant from the possession of said lands and putting the plaintiff in possession of said lands as soon as the plaintiff shall pay said balance of ten 56-100 dollars due on the mortgage debt as aforesaid.''.

*Mr. J. D. Kerr*, for plaintiff.

*Mr. H. R. Kornegay*, for defendant (appellant).

*Per Curiam:* The defendant was mortgagee and bought at his own sale. He is fixed with legal notice of the defect in his title and is not entitled to betterments. *Hall* v. *Lewis*, 118 N. C., 509.

Affirmed.