## HALLYBURTON v. SLAGLE.

(Filed June 11, 1903.)

1. IMPROVEMENTS—*Betterments—Compensation.*

The finding of the jury, in an action for the recovery of land, that defendant acted with a fraudulent purpose in purchasing the same, could be considered on his application for the allowance of the value of the improvements made by him, though for various reasons the issue was immaterial in the action itself.

2. IMPR VEMENTS—*Betterments—Petition for Betterments—The Code, Sec. 473.*

The trial court must be satisfied of the probable truth of the allegations in a petition for betterments before it is required that the court empannel a jury to ascertain the value of the betterments.

3. IMPROVEMENTS—*Betterments—Compensation—The Code, Sec. 473.*

One purchasing land at a sale by his own assignee in bankruptcy, with the fraudulent purpose of defeating the rights of his wife and children under a prior deed which he had made to them with intent to defraud his creditors, is not a *bona fide* holder of the premises under a color of title believed by him to be good, and is therefore not entitled to the value of improvements placed thereon by him.

ACTION by W. S. Hallyburton and wife against J. L. L. Slagle, heard by Judge *W. B. Councill,* at September Term, 1902, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiffs the defendant appealed.

*Chas. A. Moore, Locke Craig* and *Zeb Weaver,* for the plaintiffs.

*Merrimon & Merrimon* and *Shepherd & Shepherd,* for the defendants.

WALKER, J.   This is an application by the defendant to be allowed the value of certain improvements alleged to have been made by him on the property which the plaintiffs have recovered in the action.   The jury have found and the court

HALLYBURTON *v.* SLAGLE.

has adjudged that the defendant conveyed the land to Wood-fin in trust for his wife and children with intent to defraud his creditors, and that he was afterwards adjudged a bankrupt on his own petition, and the land was sold by his assignee in bankruptcy for the reason that being fraudulent, the deed of the defendant to Woodfin was void as to creditors. The defendant bought at the assignee's sale. The jury found in the principle case, under an issue submitted to them, that the defendant procured the sale to be made and purchased at the same for the fraudulent purpose of defeating the rights of his wife and children under his deed to them. It is true that the defendant objected to the submission of this issue to the jury, and while it was not material to inquire in the main suit as to the intent of the defendant in procuring title by purchase at the assignee's sale, as the defendant was estopped to take any benefit from the said purchase and the deed of the assignee, and the title thus acquired fed the estoppel created by his deed, without any regard to his intent, yet we think that the defendant has no legal ground to complain of the action of the court. It did him no harm in contemplation of law in the trial of the issues involving the title to the land. But the finding of the jury may be considered upon this application, as the defendant's right to the relief he seeks depends upon his good faith in claiming the land. We do not think he comes into this court of equity with very clean hands.

But apart from these considerations the court below, as the record shows, was not satisfied of the probable truth of the allegations of the defendant's petition, and this is a preliminary fact necessary to be found before the court is required to impanel a jury to ascertain the value of the improvements. Clark's Code (3d Ed.), Sec. 473. The court found against the defendant as to this fact, and this is sufficient to defeat

his claim for the value of the improvements. *Merritt v. Scott,* 81 N. C., 385; *Johnston v. Pate,* 95 N. C., 68.

We do not think, upon a careful review and consideration of the facts, as disclosed by the record, that the defendant was such a *bona fide* "holder of the premises under a color of title believed by him to be good" within the meaning of the provisions of the statute or within any equitable principle, as entitles him to the aid of the court in the manner now invoked by him. He bought with full knowledge of the rights of his wife and children, and if he made any improvements with his own funds on the land, which alleged fact is stoutly contested by the plaintiffs, he must, under the facts and circumstances of this case, bear the consequent loss.

We find no error in the judgment of the court below.

No Error.