P. G. ALSTON et al. v. THOMAS CONNELL.

(Filed 11 September, 1907).

1. **Options—Purchase Price—Interest Rate—Contract.**

   When a sale under mortgage securing a bond bearing eight per cent. interest is made under the power of sale, and the purchaser, who has taken the title, gave an option thereon, the basis of the present action, the purchase price stipulated for in the option bears only six per cent., the lawful rate of interest, in the absence of express agreement for a smaller sum.

2. **Lands—Contract to Convey—Betterments—Innocent Purchasers.**

   Generally the successful claimant for permanent betterments put upon land of another holding superior title must be an innocent person who made the expenditures in good faith, believing at the time, and having reasonable ground to believe, that he was the true owner. When, under the contract between the parties, the defendant was to remain in possession for a stipulated time and expend a definite sum, and no more, for improvements, he cannot recover a sum expended therefor, after the time limited, in excess of the amount authorized by the contract, and with notice that the one holding the superior right intended to assert it. (*Gillis v. Martin*, 17 N. C., 470, cited and distinguished).

3. **Rule as to Allowance of Cost of Betterments.**

   In making an allowance for betterments the general rule as to the amount is not their actual or reasonable cost, but the amount by which the value of the land was enhanced.

CIVIL ACTION, heard on exceptions to report of referee, before *Lyon, J.,* at June Term, 1907, of the Superior Court of

145—1

Warren County. The Court overruled the exceptions, confirmed the report, and defendant excepted and appealed.

*T. Polk, B. G. Green, W. A. Montgomery* and *T. T. Hicks* for plaintiff.

*F. S. Spruill* and *T. W. Bickett* for defendant.

Hoke, J. On a former appeal in this cause it was held that the plaintiff, P. G. Alston, had a valid and binding option on the land, the subject-matter of litigation, and known as "Tusculum," at the contract price of $3,502, subject to an accounting between the parties, for use and occupation, etc., as indicated in the decree affirmed on the said appeal. See 140 N. C., 485. This decision having been certified down, in obedience thereto the referee, A. C. Zollicoffer, Esq., proceeded to take and state the account, and upon the evidence and findings of fact declared the true account and the rights of the parties to be as follows:

"Upon the foregoing facts, and feeling himself bound by the contract between the parties as to the option, and the opinion of the Supreme Court rendered in this action since his appointment, as he understands and construes the said opinion, the referee doth hold and conclude that the account between the plaintiff and defendant should be stated as follows:

| | | |
|---|---:|---:|
| To amount option price for 'Tusculum,' due 1 January, 1901 | | $3,502.00 |
| To interest on same, 6 per cent., from 1 January, 1901, to 11 February, 1907 | | 1,284.05 |
| By rent since 1 January, 1901 | $1,500.00 | |
| By interest on same, 6 per cent., to 11 February, 1907 | 235.00 | |
| By hickory timber cut and sold from land | 69.00 | |
| By interest on same to 11 February, 1907 | 24.95 | |
| By balance due 11 February, 1907 | 2,957.10 | |
| | $4,786.05 | $4,786.05 |
| To balance due 11 February, 1907, brought down | | $2,957.10 |

"That the defendant is entitled to recover of the plaintiffs the sum of $2,957.10, with interest on the same from 11 February, 1907, at the rate of 6 per cent. per annum, until paid, and upon the payment thereof the plaintiffs are entitled to specific performance of the contract to convey the 'Tusculum' farm, as prayed for in the complaint herein."

Defendant excepted, and assigned for error, first, that the referee should have allowed interest at the rate of 8 per cent. on $2,441.62, the amount of the original indebtedness, this being the rate stipulated for in the original note and the deed of trust on the property given to secure it. A reference to the former opinion is made for a more extended statement of the facts. The exception cannot be sustained, for the reason that the original contract of indebtedness and the deed of trust given to secure it are not the correct basis for the present accounting between the parties. The evidence and findings of fact established that, under and by virtue of the power given in the deed of trust, a sale of the farm was held, at which defendant, Thomas Connell, became the purchaser and received the title. *Monroe v. Fuchtler,* 121 N. C., 104. And, holding this title, he executed to P. G. Alston the option declared on in this present action, and this option, and the material and relevant facts attending it, furnish the data, and the only data, for a correct and true accounting. The pleadings, testimony, issue and verdict set out in the former appeal all show that both plaintiffs and defendant desired and intended that this should be so, and the opinion states this position as follows: "This position, however, that of the right to redeem, is not open for the plaintiff in the present condition of the record, for the reason that the suit was originally instituted by P. G. Alston and complaint filed, seeking to enforce his rights, under his written agreement of date 5 December, 1898, and under which Thomas Connell obligates himself to convey the property. The heirs at law of

B. C. Alston make themselves parties plaintiff and seek the same relief, and, while the pleadings set forth the entire facts, and some evidence is offered tending to sustain a claim in behalf of these heirs, the issues framed and passed upon are not decisive of those rights, but are addressed to the question of this written agreement and the facts especially bearing thereon, and are only determinative of the interest arising thereunder. The rights of the parties, therefore, are considered as they may arise upon this written paper and the issues determined in reference to the same."

This being true, and the option at $3,502 making no express stipulation for a lower rate, the referee properly allowed the lawful rate, 6 per cent., from the time the obligation matured.

Defendant makes further assignment of error, that the referee failed to allow the defendant the sum of $1,500 for permanent and valuable improvements put upon the land by Thomas Connell while he was in possession of same, and after he had given P. G. Alston the option declared on and established by the verdict and judgment in the cause. Even if this claim for improvements was valid, the proper allowance would not be for the amount of their cost, but the amount by which the value of the land was enhanced. But the claim is not valid. It is set up as a claim for betterments, an equitable defense now generally provided for by statute, and arising when one in the actual occupation of real estate under color of title believed by him to be good, and without notice of a superior title, makes permanent improvements on the land, by reason of which the value of same is enhanced. The doctrine is usually applicable in the case of claimants under adversary titles, and only in the rarest instances can it exist where the occupant is in possession under a contract which defines the rights of the parties and limits the length of the tenure. This doctrine of betterments, and the principle upon which it was originally made to rest, is very well stated by

*Ashe, J.,* in the case of *Wharton v. Moore,* 84 N. C., 482, as follows: "This right to betterments is a doctrine that has gradually grown up in the practice of the courts of equity, and; while it has been adopted in many of the States, it is not recognized in others. But it may now be considered as an established principle of equity that whenever a plaintiff seeks the aid of a court of equity to enforce his title against an innocent person who has made improvements on land without notice of a superior title, believing himself to be the absolute owner, aid will be given him only upon the terms that he shall make due compensation to such innocent person to the extent of the enhanced value of the premises by reason of the meliorations or improvements, upon the principle that he who seeks equity must do equity." Here it will be noted that the claimant must be an innocent person, and in any correct statement of the principle will be found this or some equivalent requirement indicating that the occupant made the expenditures in good faith—that is, that he believed, and had reasonable ground to believe, at the time they were made, that he was the true owner. It would be difficult to suggest a case where an occupant could establish such a claim after he had received notice that the real owner intended to assert his rights, but certainly this should never be allowed when such occupant, having entered under a contract which expressly defined his rights, wrongfully remained in possession in violation of his contract, and made the improvements after notice that the true owner intended to insist upon and assert his claim. And so it is here. By the contract between the parties, as extended, the defendant was to remain in possession till 1 January, 1901; he was to expend for improvements during this time, by express stipulation, the sum of $250, and no more, and this was included in the contract price which has been charged against the plaintiff, the holder of the option. Any expenditures for improvements beyond this amount were not authorized by the contract, and any made

after that time were made when defendant wrongfully withheld the possession, and after notice that plaintiff intended to assert his rights, and the same cannot therefore be allowed as a credit against plaintiff's demand.

We were referred by counsel to the case of *Gillis v. Martin,* 17 N. C., 470, as authority to sustain their position, but we do not so understand this decision.   There the defendant, on the evidence, was declared a mortgagee by the decree of the Court, and in taking the account was allowed for improvements put on the property while he was in possession.   The Court stated the general rule to be that a mortgagee in possession is not allowed for improvements over and above necessary repairs, and made the case then before it an exception on testimony which showed that the improvements were required for the enjoyment of the property; that they were made when the defendant believed, and had good reason to believe, he was the true owner, and at a time when the defendant had no notice or reason to believe that the claimant intended to assert any right or interest in the property.   The decision, therefore, is not favorable to defendant; on the contrary, this and other authorities fully support the ruling of the referee in disallowing the claim, and there is no error in the judgment confirming the report.   *Hallyburton v. Slagle,* 132 N. C., 957; *Southerland v. Merritt,* 120 N. C., 318; *Dunn v. Bagby,* 88 N. C., 91; *Cleland v. Clark,* 123 Mich., 179, reported also in 81 Am. St. Reports, with a full and learned note by the editor.

There is no error, and the judgment below is
Affirmed.

CLARK, C. J., did not sit.