This is an action for the cancellation of a deed dated 20 January, 1932, and recorded in the office of the register of deeds of Wake County, in Book 614, at page 487, by which the plaintiffs conveyed to the defendant Saul West the land described in the complaint, which had theretofore been conveyed by the plaintiffs to the defendant Paul C. West by a deed of trust dated 15 November, 1930, and recorded in the office of the register of deeds of Wake County, in Book 599, at page 323, to secure the payment of their note to the defendant Saul West for the sum of $1,020. The said note was due and payable on 15 November, 1931. It has not been paid or satisfied.
The action was begun in the Superior Court of Wake County on 16 January, 1934, and was tried at March Term, 1936, of said court on issues raised by the pleadings. These issues were answered as follows:
"1. Was there existing on 20 January, 1932, a fiduciary relation between the defendant Paul C. West and the plaintiffs, as alleged? Answer: `Yes.'
"2. If so, in procuring the deed for the property in controversy, was the said Paul C. West acting in behalf of himself and the defendant Saul West, as alleged? Answer: `Yes.'
"3. Was the transaction between the plaintiffs and Paul C. West, resulting in the execution by the plaintiffs of the deed dated 20 January, 1932, conveying the property described in the complaint, open, fair, bonafide, free from oppression, and made for a fair consideration? Answer: `No.'
"4. Was the execution of said deed procured by actual fraud and coercion, as alleged? Answer: `No.'
"5. Have the plaintiffs, by their conduct, ratified said transaction, so that they are now estopped to assert title to said land? Answer: `No.'"
On the verdict, it was ordered and decreed by the court that the deed from the plaintiffs to the defendant Saul West, dated 20 January, 1932, *Page 714 
be and the same was canceled, and that the plaintiff Gideon Hinton is now the owner in fee of the land described in the complaint, subject to the deed of trust from him and his wife to the defendant Paul C. West, dated 15 November, 1930, and duly recorded in the office of the register of deeds of Wake County.
On admissions in the pleadings, it was ordered, considered, and adjudged by the court that the defendant Saul West recover of the plaintiffs the sum of $1,020, with interest from 15 November, 1931, and the sum of $96.06, the amount paid by said defendant as taxes on the land described in the complaint.
It was further ordered, considered, and decreed that the judgment rendered herein is and shall be a lien on the land described in the complaint as of 15 November, 1930.
It was further ordered that the questions, as to whether the defendants are entitled to recover in this action any sum for improvements made by them on the land described in the complaint prior to the commencement of this action, and if so, what sum, be and the same were reserved for future determination.
There was no exception to or appeal from said judgment.
The action was heard at June-July Special Term, 1936, of the Superior Court of Wake County on the petition of the defendants for an allowance for improvements made by them, prior to the commencement of the action, and subsequent to the date of the deed from plaintiffs to the defendant Saul West, and the answer of the plaintiffs to said petition. It was admitted in the answer that defendants had made improvements as alleged in the petition; it was denied that said improvements were made by the defendants while in possession of the land under color of title.
At the hearing, a trial by jury was waived. It was agreed that the court should hear the evidence and personally inspect the property in controversy, and render judgment on the facts found by it from all the evidence, and from its inspection of the property.
Accordingly, the court found the facts pertinent to the controversy between the parties to the action with respect to the improvements made by the defendants on the land described in the complaint, which are substantially as follows:
1. On 20 January, 1932, the defendant Saul West was the holder of a note for the sum of $1,020, which was executed by the plaintiffs and payable to his order. This note was dated 15 November, 1930, and was secured by a deed of trust of even date with the note, which was executed by the plaintiffs to the defendant Paul C. West. The note was due and payable on 15 November, 1931. The plaintiffs had defaulted in its payment. *Page 715 
2. After the plaintiffs had defaulted in the payment of said note, the defendant Paul C. West, as trustee, at the request of the defendant Saul West, the holder of said note, advertised the land conveyed by the deed of trust for sale under the power of sale contained therein. Prior to the date of the sale, the plaintiffs and the defendants entered into an agreement by which the plaintiffs executed a deed dated 20 January, 1932, by which they conveyed the land described in the deed of trust to the defendant Saul West, in fee, and thereafter, on 30 January, 1932, the defendant Saul West reconveyed six acres of said land to the plaintiffs. The note held by the defendant Saul West was marked "paid and satisfied," and the deed of trust was canceled on the records in the office of the register of deeds of Wake County. Pursuant to said agreement, the plaintiffs remained in possession of said land for two years from and after the date of their deed to the defendant Saul West, to wit: 20 January, 1932, paying no rent therefor to the defendants, or either of them.
3. While the plaintiffs were in possession of the land under their agreement with the defendants, and prior to the commencement of this action, the defendant Saul West caused to be constructed on said land permanent improvements, which have enhanced the value of the land in the sum of $380. The plaintiff Gideon Hinton, by his labor, aided in the construction of said improvements, and received compensation for his labor from the defendant Saul West. He made no objection to the construction of said improvements because at the time they were constructed he recognized the title of the defendant Saul West, under the deed to him from the plaintiffs, as valid in all respects.
4. On the verdict of the jury at the trial of this action, it has been adjudged and decreed that the deed under which the defendant Saul West claimed title to said land at the time the improvements thereon were constructed, be and the same has been canceled, and that the deed of trust by which the note held by the defendant Saul West is secured is in legal effect a mortgage.
On the foregoing facts it was ordered, considered, and adjudged by the court that the defendant Saul West is entitled to an allowance for the improvements made by him on the land described in the complaint, and that he recover of the plaintiffs on account of said improvements the sum of $380.00, with interest from 21 March, 1936, and the costs of the hearing of his petition.
The plaintiffs excepted to the judgment and appealed to the Supreme Court, assigning the judgment as error.
On a former appeal in this action a judgment as of nonsuit dismissing the action was reversed. It was held that there was sufficient evidence at the trial to support the allegations of the complaint which constitute plaintiffs' cause of action for the cancellation of the deed from the plaintiffs to the defendant Saul West, and that from this evidence a presumption arose that the transaction which resulted in the execution of the deed was not fair and free from oppression. The burden to rebut this presumption was on the defendants. McLeod v. Bullard, 84 N.C. 515. The action was remanded to the Superior Court of Wake County for trial upon the issues raised by the pleadings. Hinton v. West, 207 N.C. 708,178 S.E. 556.
A subsequent trial was had, which resulted in a judgment for the plaintiffs. There was no exception to or appeal from this judgment. This appeal is from the judgment that the defendant Saul West recover of the plaintiffs for improvements made by him on the land after the execution of the deed and prior to the commencement of the action. The only exception is to the judgment. There was no exception to the findings of fact made by the court, on which the judgment was rendered.
The judgment is supported by Wilson v. Fisher, 148 N.C. 536,62 S.E. 622. In that case it is said: "While it is the general rule that a mortgagee in possession is not entitled to pay for improvements, we are of opinion that as plaintiffs in this action are asking equitable relief, after so many years, they should account in diminution of rents for such enhancement in value of the property as may be found by reason of permanent improvements put therein by the defendant. There should be a reference to state an account between the parties upon the principle indicated in this opinion."
Hall v. Lewis, 118 N.C. 509, 24 S.E. 209; Southerland v. Merritt,120 N.C. 318, 26 S.E. 814; and Hallyburton v. Slagle, 132 N.C. 957,44 S.E. 659, are distinguishable from the instant case. In this case the jury has found that the execution of the deed which has been canceled by the court was not procured by the actual fraud of the defendants. The deed was canceled because the defendants failed to rebut the presumption which arose solely because of the relationship of the parties that the transaction which resulted in the execution of the deed was not fair and free from oppression.
On the facts found by the court, the judgment is in accord with the principle that he who seeks equity must do equity. The judgment is
Affirmed. *Page 717