MOSES ROGERS v. J. P. TIMBERLAKE, JR., W. F. POWERS, Trustee,
AND SMITH-DOUGLAS CO., INC.

(Filed 14 April, 1943.)

**1. Betterments § 1—**

> One, who in good faith under colorable title, enters into possession of
> land under a mistaken belief that his title is good, and who is subse-
> quently ejected by the true owner, is entitled to compensation for the
> enhanced value of the land due to improvements placed on the land by
> him.   C. S., 699.

**2. Betterments §§ 3, 4—**

Where defendant acquired the legal title to certain lands (originally belonging to plaintiff) at a foreclosure sale and subject to an agreement to hold the land in trust for the plaintiff and to reconvey to plaintiff upon the payment of a sum certain on or before a given date, he (defendant) is not entitled to the value of improvements placed upon the land by him while holding same upon such trust.

APPEAL by defendants from *Bone, J.,* at January Term, 1943, of FRANKLIN. No error.

This was an action to enforce the provisions of a judgment rendered in a previous suit between the same parties, wherein it was adjudged that defendant Timberlake held title to certain land in trust for the plaintiff, to be conveyed to plaintiff upon the payment of $1,500.

Plaintiff pleaded this judgment, alleged tender and readiness to pay the $1,500, and demanded conveyance in accord with the terms of the judgment. Defendants admitted the provisions and effect of the judgment alleged, and expressed willingness to convey the land upon payment of the amount fixed by the judgment. However, there was disagreement as to the manner of payment and cancellation of a deed of trust on the land which had been given by defendant Timberlake to his codefendants, subsequent to his acquisition of the title in trust. It is admitted that the money has been paid into court by the plaintiff, and that deed has been executed by the defendant and deposited with plaintiff's counsel.

The defendant Timberlake also claimed the value of improvements which he alleged he had placed on the land. The court sustained objection to testimony as to the value of such improvements, and declined to submit an issue thereon.

Upon the issues submitted there was verdict for plaintiff, and it was thereupon adjudged that the deed executed by defendant be accepted, and that out of the money paid into court the deed of trust should be satisfied and canceled, and taxes paid, so that plaintiff should receive a fee simple unencumbered title to the land.

Defendants appealed.

*Yarborough & Yarborough for plaintiff.*
*G. M. Beam for defendants.*

DEVIN, J. It was not controverted that the plaintiff was entitled to the conveyance of the land upon the payment of the amount fixed by the former judgment. The question as to the satisfaction and cancellation of the deed of trust, put upon the land by defendant Timberlake subsequent to his acquisition of the title in trust for the plaintiff, about which the parties disagreed, was properly settled by the provision in

the judgment below that out of the money already paid into court by the plaintiff the deed of trust and the lien of unpaid taxes should be discharged. Thus, an appropriate end has been put to the cross-firing between the parties as to this part of the controversy.

The defendants, however, assign error in the refusal of the court below to admit testimony and submit an issue as to the value of the improvements alleged to have been put upon the land by defendant subsequent to his acquisition of the title and before the adjudication that he held it subject to a parol trust in favor of the plaintiff. The principle that one who in good faith enters into the possession of land under a mistaken belief that his title is good, and who is subsequently ejected by the true owner, is entitled to compensation for the enhanced value of the land due to permanent improvements placed on the land by him, has long been recognized, both by statute (C. S., 699), and by the decisions of this Court. *Barrett v. Williams,* 220 N. C., 32, 16 S. E. (2d), 398, and cases cited. But this principle is applicable only to one who holds the land in good faith under a colorable title believed by him to be good. It must appear that he entertained a *bona fide* belief in the validity of his title, and that he had reasonable grounds for such belief. *Pritchard v. Williams,* 176 N. C., 108, 96 S. E., 733; 27 Am. Jur., 269. Here it had been judicially determined, in the former suit between the plaintiff and defendant Timberlake, that in 1937 Timberlake acquired the legal title to the land (which had originally belonged to the plaintiff) at a foreclosure sale under and subject to an agreement to hold the land in trust for the plaintiff to reconvey the land to him upon the payment of $1,500 on or before 2 October, 1942. While Timberlake, in the former suit, denied making such an agreement, it was therein determined that he had done so at the time he acquired the title to the land. That fact having been established, it must necessarily follow that he entered into occupancy of the land with knowledge, at that time, that his title was subject to the trust subsequently established—a trust based upon his own agreement. Hence, improvements made by him were put on the land with knowledge that he was obligated to reconvey the land to the plaintiff upon the payment of the amount fixed by the terms of the agreement he had made. *Southerland v. Merritt,* 120 N. C., 318, 26 S. E., 814; *Hallyburton v. Slagle,* 132 N. C., 957, 44 S. E., 659. The other exceptions noted by defendants and brought forward in their assignments of error cannot be sustained.

In the trial we find

No error.