OPAL A. HARRIS AND HUSBAND, FRED J. HARRIS; FRANCES A. SOMERS AND HUSBAND, DWIGHT N. SOMERS; R. DOUGLAS ASHLEY AND WIFE, FERNE S. ASHLEY; MILLARD F. ASHLEY AND WIFE, MARY J. ASHLEY; CAROLYN A. DEZERN AND HUSBAND, ROBERT L. DEZERN v. JAMES E. ASHLEY AND WIFE, MAYBELLE ASHLEY

No. 7723SC890

(Filed 7 November 1978)

1. **Partition § 12; Descent and Distribution § 2— partition by exchange of deeds —purported conveyance to husband and wife—no estate by entirety**

   Where a wife owned land as a tenant in common, and the tenants exchanged deeds for the purpose of partitioning the land, a partition deed purporting to convey an estate by the entirety to the wife and her husband only severed the unity of possession and gave each tenant his separate share of the land and conveyed no interest in the land to the husband. Therefore, the husband's only interest in the land was a 1/3 interest which he took by intestate

succession upon the death of the wife, and his purported conveyance of the land conveyed only that interest.

**2. Betterments § 1.1— reasonable belief as to ownership**

Respondents had a reasonable belief that they were the sole owners of property so as to permit them to recover for betterments where a partition deed to the male respondent's father and mother in fact conveyed no interest to the father, the father believed he had become a tenant by the entirety by the partition deed and the owner of the fee upon the mother's death, the father gave respondents a warranty deed to the property, and although respondents knew the father had reserved a life estate in the property, they misunderstood the meaning of a life estate and thought it was only a privilege to live on the land with no responsibilities.

**3. Betterments § 3— amount of recovery**

Respondents who placed improvements on land under the mistaken belief that they were the sole owners were entitled to recover the amount by which the improvements enhanced the value of the land, not the amount they spent on the improvements. Furthermore, the trial court erred in basing its finding as to the value of improvements on certain expenditures, such as light bulbs, fuses, cutting hay, and others, which could not be considered improvements at all.

**4. Betterments § 3— deduction of rents and profits**

The trial court properly deducted rents and profits resulting from respondents' use of land from the amount recovered by respondents for betterments.

APPEAL by petitioners and respondents from *Crissman, Judge.* Judgment entered 1 August 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 25 September 1978.

Petitioners filed suit seeking a partition sale of a certain tract of land. Petitioners are five married couples, and one member of each couple is a child of J. F. and the late Bessie P. Ashley. Respondents are the sixth child and his wife. Bessie P. and J. F. Ashley received a quitclaim deed to the property purporting to make them tenants by the entirety in 1938 when a larger tract of land was partitioned by an exchange of quitclaim deeds among the heirs of Bessie Ashley's father. Bessie P. Ashley died in 1965. In 1975 J. F. Ashley gave to respondents a general warranty deed for the entire tract, subject to a retained life estate in J. F. Ashley and his present wife, Flossie.

Petitioners allege that they are tenants in common with respondents; that each petitioning Ashley child is entitled to a 1/9

interest; and that respondent James Ashley is entitled to a 4/9 interest (1/9 received at his mother's death plus his father's 1/3 conveyed by deed). Because of the nature of the land, making it difficult to divide in kind, petitioners seek a partition sale. The land is subject to a deed of trust made by respondents in favor of J. F. and Flossie Ashley.

Respondents answer that they own the entire tract in fee simple pursuant to the general warranty deed, and counterclaim in the alternative for $10,207.22 spent on improvements to the land. Petitioners in reply seek an accounting for rents and profits from use of the land.

The trial court found as fact improvements costing $8,633.28 and profits in the amount of $2,629.69 and entered judgment for respondents in the amount of the cost of improvements less the profits. The judge ordered a partition sale subject to the reserved life estate and the deed of trust, the proceeds after satisfaction of the deed of trust to be distributed 1/9 to each petitioning Ashley child and 4/9 to respondents. Petitioners and respondents appeal.

*Max F. Ferree, P. A., by George G. Cunningham, William C. Gray, Jr., and Russell G. Ferree, for petitioner appellants.*

*Vannoy, Moore and Colvard, by J. Gary Vannoy, for respondent appellants.*

ARNOLD, Judge.

Petitioners contend that the trial court erred in failing to make findings of fact as to what interests petitioners and respondents own in the land. The court found as fact

4. That there is a genuine issue as to what interest the petitioners and the respondents own in said land.

and then ordered a partition sale and

3. That the Commissioners distribute the proceeds from said sale after paying expenses of said sale and satisfying the deed of trust herein referred to as follows: one-ninth interest to each of the petitioners; and four-ninths interests to the respondents.

We agree with respondents that by the form of its entry of judgment the trial court correctly found the interests to be as peti-

Harris v. Ashley

tioners had alleged, each petitioning couple owning a 1/9 interest and respondents a 4/9 interest in the land.

[1]　An exchange of deeds among tenants in common for the purpose of partitioning a tract of land serves only to sever the unity of possession and give each tenant his separate share of the land. It cannot create a new estate by the entirety. *Combs v. Combs*, 273 N.C. 462, 160 S.E. 2d 308 (1968); *Smith v. Smith*, 249 N.C. 669, 107 S.E. 2d 530 (1959); *Scott v. Moser*, 31 N.C. App. 268, 229 S.E. 2d 222 (1976). The 1938 quitclaim deed naming Bessie P. and J. F. Ashley as grantees created no interest in J. F. Ashley. At Bessie Ashley's death in 1965 he took by intestate succession a 1/3 interest in the tract, G.S. 29-14(2), and each child took a 1/9 interest, G.S. 29-15(2), 29-16(a)(1). This 1/3 interest in J. F. Ashley was all he was able to convey to respondents in 1975. Petitioners and respondents are tenants in common, with their respective shares as indicated by the trial court.

[2]　Petitioners argue that respondents should not be allowed any recovery for improvements because they could not have had a reasonable belief that they were the sole owners of the property. Respondents contend that they should be allowed to recover the enhancement in value of the land, rather than just the cost of the improvements, and that the profits from the land should not have been a set-off against their recovery since the profits were due solely to the improvements they made.

"[O]ne who in good faith enters into the possession of land under a mistaken belief that his title is good, and who is subsequently ejected by the true owner, is entitled to compensation for the enhanced value of the land due to permanent improvements placed on the land by him. . . ." *Rogers v. Timberlake*, 223 N.C. 59, 61, 25 S.E. 2d 167, 168 (1943). *See* G.S. 1-340. In order to recover, the improver must have had a bona fide belief in the validity of his title, and that belief must have been reasonable. *Rogers v. Timberlake, supra*. Petitioners here assert that because respondent admitted in his testimony that he knew of the reserved life estate, he could not have had a bona fide reasonable belief that he was the fee simple owner. The trial court, by allowing respondents to recover, implicitly found otherwise, and we believe the record supports that finding. J. F. Ashley, respondents' grantor, received a deed naming him as

grantee; there is no indication that he knew of the legal rule making that grant to him ineffective. It may reasonably be inferred that J. F. Ashley believed he had become a tenant by the entirety in 1938, and the owner of the fee in 1965. This belief he passed along to his son, the respondent, along with a general warranty deed for the entire tract. Asked by interrogatory

> 2. Did you believe, prior to making these improvements and expenditures, that you were the sole owner of this property?

respondent answered yes, and to the next question

> 3. If so, upon what facts did you base this belief?

respondent answered:

> 3. I received a deed from my father and was told by him that he could convey this property.

Although respondent testified that he knew of the reserved life estate, it appears from his testimony as a whole that he misunderstood the meaning of a life estate, apparently seeing it as a privilege to live on the land with no responsibilities. He made numerous expenditures on the property, ranging from making house repairs to replacing the light bulbs. "They needed the light bulbs and I thought it was my place to buy them. I thought I was obligated to buy it because I owned the property, they were not supposed to have to pay for anything." There is evidence that respondent in good faith believed that he alone owned the land. The right to betterments is an equitable doctrine, *Wharton v. Moore*, 84 N.C. 479 (1881), and equity will permit respondents to recover here for improvements according to the proper measure of damages.

[3] The trial court found that respondents spent $8,633.28 on "improvements" and awarded respondents that amount of damages. First of all, the court used the wrong measure of damages. The improver is entitled to recover the amount by which he has enhanced the value of the property. *Rogers v. Timberlake, supra; Pritchard v. Williams*, 181 N.C. 46, 106 S.E. 144 (1921). The fact that respondents sought to recover only the cost of improvements does not affect this rule. "It is well-settled law in North Carolina that a party is entitled to the relief which the allegations in the pleadings will justify. [Cite omitted.] It is not

necessary that there be a prayer for relief or that the prayer for relief contain a correct statement of the relief to which the party is entitled." *East Coast Oil Co. v. Fair,* 3 N.C. App. 175, 178, 164 S.E. 2d 482, 485 (1968). G.S. 1A-1, Rule 54(c); 10 Strong's N.C. Index 3d, Pleadings § 7.

Secondly, it is noted that the court improperly based its findings as to the amount spent on "improvements" on certain expenditures, such as light bulbs, fuses, cutting hay, and others, which could not be considered improvements at all. Evidence as to the enhancement of value is sketchy and conflicting. The case must be remanded for further determination as to the amount, if any, by which the improvements enhanced the value of the property.

[4] Although respondents argue that there should be no set-off for rents and profits they received, we believe that the trial court properly deducted for such rents and profits. Also, respondents are entitled to recover only 5/9 of the enhancement less profits. The sales price of the property will presumably be increased by any enhancement found, and respondents will, on partition, receive a proportionate fraction of that increase.

Petitioners correctly contend that the trial court erred by requiring satisfaction of the deed of trust executed by respondents in favor of J. F. Ashley and Flossie Ashley to be paid prior to distribution of the sale proceeds. The deed of trust is only an encumbrance against respondents' interest and petitioners' interest is not subject to the deed of trust. Satisfaction of the deed of trust must come from respondents' share of the proceeds.

The judgment appealed from is

Affirmed in part;

Reversed and remanded in part.

Judges MITCHELL and WEBB concur.