STATE OF NORTH CAROLINA v. ROGER SCOTT COLLINS

No. 525A95

(Filed 6 December 1996)

1. **Evidence and Witnesses §§ 84, 1113 (NCI4th)— prosecutor's statements at codefendant's trial—not admissions—irrelevancy in defendant's trial**

   Statements by the prosecutor of some of the legitimate inferences that could be drawn from evidence introduced during sentencing in a codefendant's case to persuade the sentencing judge to make the codefendant serve his sentences consecutively were

not admissions of a party opponent and were neither competent nor relevant as substantive evidence in the guilt-innocence phase of defendant's trial for first-degree murder, rape, and conspiracy to commit murder.

**Am Jur 2d, Evidence §§ 305, 308; Homicide §§ 270, 279.**

2. **Evidence and Witnesses § 263 (NCI4th)— changes in defendant's behavior and appearance—inadmissible character evidence**

The trial court properly excluded character evidence about changes in defendant's behavior and appearance after he began to associate with the codefendant because the evidence was not tailored to a particular trait that was relevant in the case. Assuming, *arguendo*, that the trial court erred, exclusion of the evidence was harmless error in light of the overwhelming evidence of defendant's guilt, including his confession. N.C.G.S. § 8C-1, Rule 404(a)(1).

**Am Jur 2d, Evidence §§ 363, 368, 369; Homicide § 298.**

**Admissibility of evidence of pertinent trait under Rule 404(a) of the Uniform Rules of Evidence. 56 ALR4th 402.**

**When is evidence of trait of accused's character "pertinent" for purposes of admissibility under Rule 404(a)(1) of the Federal Rules of Evidence. 49 ALR Fed. 478.**

**Opinion evidence as to character of accused under Rule 405(a) of Federal Rules of Evidence. 64 ALR Fed. 244.**

3. **Evidence and Witnesses § 90 (NCI4th)— exhibition of codefendant to jury—request denied—waste of time**

The trial court did not abuse its discretion by concluding that the physical exhibition to the jury of a codefendant not on trial with defendant would have been cumulative and a needless waste of time, N.C.G.S. § 8C-1, Rule 403, where defendant argued that the codefendant's physical appearance was relevant to prove that he had a dominating and controlling influence over defendant when the crimes were committed, but defendant was not prevented from presenting to the jury the relevant facts about the codefendant's age, height, weight, appearance, and size compared with defendant's physical attributes.

**Am Jur 2d, Evidence §§ 22, 353.**

Appeal as of right pursuant to ·N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Britt (Joe Freeman), J., on 8 August 1995 in Superior Court, Chatham County, upon a jury verdict of guilty of first-degree murder. Defendant's motion to bypass the Court of Appeals as to his convictions for conspiracy to commit murder and first-degree rape was allowed by the Supreme Court on 24 April 1996. Heard in the Supreme Court 14 October 1996.

*Michael F. Easley, Attorney General, by Thomas F. Moffitt, Special Deputy Attorney General, for the State.*

*Ann B. Petersen and Wade Barber for defendant-appellant.*

MITCHELL, Chief Justice.

Defendant,· Roger Scott Collins, was indicted for the 29 September 1993 rape, conspiracy to commit murder, and first-degree murder of Bennie DeGraffenreidt. He was tried capitally at the 17 July 1995 Criminal Session of Superior Court, Chatham County, and was found guilty of first-degree rape, conspiracy to commit murder, and first-degree murder on the basis of premeditation and deliberation. After a capital sentencing proceeding, the jury recommended a sentence of life imprisonment for the murder, and the trial court sentenced defendant accordingly. In addition, the trial court sentenced defendant to a consecutive term of life imprisonment for first-degree rape and to nine years for conspiracy to commit murder.

The State's evidence tended to show *inter alia* that on 29 September 1993, police responded to a 911 phone call that an intruder had broken into a mobile home near Pittsboro. When police arrived at the scene, they discovered the victim's body in the master bedroom, lying across the bed at an angle. Her legs were tied together at the ankles with a necktie, and a telephone cord and receiver were wrapped around her wrists. A pillow covered her face. The autopsy revealed that the victim had been sexually assaulted and smothered to death.

Police officers questioned the victim's husband, Michael DeGraffenreidt. He told them that someone had broken into his home and knocked him unconscious after a fight. When he woke up, he found his wife dead. The officers collected a cassette tape from the telephone answering machine. On the tape was an incoming message from someone identifying himself as "Roger." Roger said he was at

STATE v. COLLINS

[345 N.C. 170 (1996)]

Top's and asked Michael DeGraffenreidt to call him. Police officers questioned defendant, Roger Collins. Defendant confessed that he raped and murdered Bennie DeGraffenreidt after conspiring with Michael DeGraffenreidt to commit the murder. Defendant told the officers that he and Michael had been discussing plans to murder Bennie for two weeks before she was killed. She had insurance on her life of about $180,000, and defendant's "cut" was to be $6,000, Bennie's car, and $500.00 cash "up front."

[1] By his first assignment of error, defendant contends that the trial court erred in excluding statements made by the prosecutor at the plea and sentencing of codefendant Michael DeGraffenreidt. Defendant argues that these statements were admissible as admissions of a party opponent and relevant to his defense in the guilt-innocence phase of the trial. We disagree.

The prosecutor's statements at the sentencing of codefendant DeGraffenreidt were not representations of fact used to prove the basis for DeGraffenreidt's plea under N.C.G.S. § 15A-1023(c). The statements were merely arguments of counsel as to some of the legitimate inferences that could be drawn from the evidence that had been introduced during sentencing in DeGraffenreidt's case to persuade the sentencing judge to make DeGraffenreidt serve his sentences consecutively, rather than concurrently. Statements of this type are neither competent nor relevant as substantive evidence. This Court has held that the attorneys have wide latitude in the arguments of hotly contested cases and may argue all the facts in evidence and any reasonable inferences that can be drawn therefrom. *State v. Knight*, 340 N.C. 531, 561, 459 S.E.2d 481, 499 (1995). Furthermore, it is axiomatic that the arguments of counsel are not evidence. *See State v. Hinson*, 341 N.C. 66, 76, 459 S.E.2d 261, 267 (1995); *State v. Garner*, 340 N.C. 573, 597, 459 S.E.2d 718, 730 (1995), *cert. denied*, —— U.S. ——, 133 L. Ed. 2d 872 (1996). This assignment of error is overruled.

[2] By his next assignment of error, defendant contends that the trial court erred in excluding testimony from Eric Cates relating to defendant's character traits and changes in his character after he began his association with codefendant DeGraffenreidt.

Rule of Evidence 404(a)(1) provides that a defendant may offer character evidence as long as he tailors it "to a particular trait that is relevant to an issue in the case." *State v. Squire*, 321 N.C. 541, 546, 364 S.E.2d 354, 357 (1988). In the context of this rule, " 'pertinent' . . .

is tantamount to relevant." *Id.* at 547, 364 S.E.2d at 358. The evidence defendant sought to develop with Cates' testimony focused on factual information about defendant's behavior and appearance rather than pertinent traits of his character. Assuming, *arguendo*, that the trial court erred, exclusion of the evidence could not have affected the outcome of this case in light of the overwhelming evidence of defendant's guilt, including his confession. Thus, any possible error would have been harmless. N.C.G.S. § 15A-1443(a) (1988). This assignment of error is overruled.

**[3]** Finally, defendant contends that the trial court erred by denying his request to have codefendant DeGraffenreidt identified in the presence of the jury. Defendant argues that DeGraffenreidt's physical appearance was relevant to prove that he had a dominating and controlling influence over defendant when the crimes were committed.

Rule of Evidence 403 provides, in pertinent part, that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (1992). Whether to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court, and its ruling may be reversed for abuse of discretion only upon a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision. *State v. McCray*, 342 N.C. 123, 131, 463 S.E.2d 176, 181 (1995). Applying Rule 403 to this case, we see no abuse of discretion in the trial court's ruling. Defendant was not prevented from presenting to the jury the relevant facts about DeGraffenreidt's age, height, weight, appearance, and size compared with defendant's physical attributes. The trial court did not abuse its discretion by concluding that physical exhibition of DeGraffenreidt to the jury would have been cumulative and a needless waste of time. This assignment of error is overruled.

For the foregoing reasons, we conclude that defendant received a fair trial, free from prejudicial error.

NO ERROR.