NO. COA13-1472

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

MICHELLE D. SARNO,
     Plaintiff,

     v.                              Mecklenburg County
                                     No.  09-CVD-5222
VINCENT J. SARNO,
     Defendant.


     Appeal by Plaintiff and Defendant from Order entered 24

April 2013 by Judge Ronald L. Chapman in District Court,

Mecklenburg County.  Heard in the Court of Appeals 4 June 2014.


     *The Law Office of Richard B. Johnson, P.A., by Richard B.
     Johnson, for plaintiff-appellant, cross-appellee.*

     *Krusch & Sellers, P.A., by Rebecca K. Watts, for defendant-
     appellee, cross-appellant.*


     STROUD, Judge.


     Plaintiff and defendant each appeal from an order for

permanent child support and attorney fees.  Because the order

from which the parties have appealed is interlocutory and they

have failed to argue that they are entitled to an interlocutory

appeal based upon impairment of a substantial right, we dismiss

both parties' appeals.

                    I.   Background

Plaintiff and defendant were married in 2000 and one child was born to their marriage, in 2003. They separated in 2006 and later divorced. In 2009, plaintiff filed a complaint including claims for child custody and support, and defendant filed an answer and counterclaims also seeking custody, child support, and attorney's fees. Trial on the issues of child support and custody began on 6 June 2011 and 7 June 2011. On 23 March 2012, the trial court entered an order of permanent child custody, which specifically reserved the issue of child support for later determination. In the custody order, the trial court concluded that "[t]here was insufficient time to hear evidence and rule on claims for child support and attorney fees and the court retains jurisdiction to rule on this issue." On 24 July 2012, plaintiff filed a motion to modify custody based on several alleged changes of circumstances, including claims that the custody order was based upon the fact that plaintiff had planned to move to Vermont at the time of the June 2011 hearing, but she had since decided to remain in North Carolina.

The trial court resumed trial on the issue of permanent child support on 14 September 2012. On 24 April 2013, the trial court entered an order for permanent child support and attorney fees. In this order, the trial court found that plaintiff's

motion to modify custody, filed on 24 July 2012, was still pending. The trial court found that at the 2011 trial, plaintiff had maintained "with certainty" that she would relocate to Vermont on 15 July 2011 and sought primary custody of the minor child. The permanent custody order had awarded primary custody of the child to defendant and had set a visitation schedule based upon the fact that plaintiff would be residing in Vermont and the defendant and child in North Carolina, with "extended time in the summers and school holidays" but "not enough overnights" to require that plaintiff's child support be established under Schedule B of the Child Support Guidelines.

The trial court also found that despite the visitation schedule established in the custody order, since plaintiff had remained in North Carolina, she had actually exercised additional weekend visitation during the school year, beyond that dictated by the custody order. The trial court found that "plaintiff's testimony of her overnights did not convince the court of an exact amount of parenting time" and that defendant's theory for calculating the parties' overnights was "confusing." The trial court found that plaintiff had 135 overnight visits per year, sufficient for child support to be set on Worksheet B,

but based upon the uncertainty of the exact amount of visitation as well as additional findings of fact regarding the parties' financial situations and sharing of expenses, established child support accordingly, based upon Schedule A. The trial court also found that "while there is a motion to modify custody outstanding, child support needs to be established based on the current order and practice of the parties."

The trial court also made findings, when addressing the issue of attorney's fees, as to the delay in the progress of the case. The court found that "procedurally, this case has been slowed by the heavy case load of the court system, trial strategy decisions by the Plaintiff's counsel, the health issues of the prior trial counsel, as well as personal decisions by Plaintiff." One of these decisions was that "after receiving an undesirable result in the custody [matter], Plaintiff changed course, and opted to stay in North Carolina, presumably believing that this would negate the effects of the Court's ruling." According to the record before us, plaintiff's motion for modification of custody remains outstanding.

## II. Interlocutory Order

Although neither party has raised the issue, it is apparent from the provisions of the child support order on appeal that we

must first consider whether this order is a final, appealable order.

> Generally, there is no right of immediate appeal from interlocutory orders and judgments. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. On the other hand, a final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.

*Hausle v. Hausle*, ___ N.C. App. ___, ___, 739 S.E.2d 203, 205-06 (2013) (citations and quotation marks omitted). "The reason for this rule is to prevent fragmentary, premature, and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Peters v. Peters*, ___ N.C. App. ___, ___, 754 S.E.2d 437, 439 (2014) (citation, quotation marks, and brackets omitted). "In the child support context, an order setting child support is not a final order for purposes of appeal until no further action is necessary before the trial court upon the motion or pleading then being considered." *Banner v. Hatcher*, 124 N.C. App. 439, 441, 477 S.E.2d 249, 250 (1996).

We have said in the child custody context that

> [a] trial court's label of a custody order as "temporary" is not dispositive. A custody order is, in fact, temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues.

*Sood v. Sood*, ___ N.C. App. ___, ___, 732 S.E.2d 603, 606 (2012) (citations and quotation marks omitted), *cert. and disc. rev. denied, and app. dismissed*, 366 N.C. 417, 735 S.E.2d 336 (2012). These rules logically apply to the child support context as well. Indeed, support and custody are normally addressed in the same order if the two claims are heard at the same trial, as they were here. The unusual procedural feature here was the bifurcation of the issues by issuing two separate orders based upon the one trial, with plaintiff's motion to modify custody being filed in between the first and second sessions of the trial. This unusual procedural posture was created by a combination of the plaintiff's actions and circumstances beyond the control of the parties or the trial court, but still it resulted in an order which fails to provide a complete resolution of all issues.

Although the child support order was labeled as a "permanent" order and did not set a specific hearing date for a

hearing upon plaintiff's pending motion, the provisions of the order address in detail some of the changes in circumstances since the custody order, such as plaintiff's decision to remain in North Carolina, which may necessitate additional change in the child support obligation as well. In fact, one of the primary issues was how much custodial time is being exercised by plaintiff, including consideration of the actual visitation, as practiced by the parties, compared to the visitation dictated by the existing custody order, and the establishment of child support depends heavily upon this determination. This order did not resolve all pending issues, due to plaintiff's outstanding motion to modify custody, which the trial court acknowledged by various findings in the child support order addressing plaintiff's outstanding motion, clearly anticipating that the child support issue would need to be revisited after plaintiff's motion to modify is heard. Addressing the parties' contentions at this time would result in "fragmentary, premature, and unnecessary appeals[.]" *Peters*, ___ N.C. App. at ___, 754 S.E.2d at 439.

For an interlocutory order to be immediately appealable, either the trial court must certify the case for immediate appeal or the appellant must demonstrate that a substantial

right will be impaired by delay in the appeal. *Id.* The parties have not acknowledged that the order is interlocutory and have not made any argument as to any substantial interest which would be impaired by delay. *See id. at ___,* 754 S.E.2d at 441 (noting that orders affecting only "the financial repercussion of a separation or divorce" generally do not affect a substantial right). Therefore, both parties' appeals must be dismissed.[1]

## III. Conclusion

For the foregoing reasons, we must dismiss plaintiff's appeal as interlocutory.

DISMISSED.

Judges STEPHENS and MCCULLOUGH concur.

---

[1] We note that the Legislature recently enacted Session Law 2013-411, codified at N.C. Gen. Stat. § 50-19.1 (2013), which governs appeals of certain interlocutory family law orders. However, this statute only became effective 23 August 2013, after the order on appeal was entered. 2013 N.C. Sess. Laws ch. 411, § 2. Therefore, it does not apply here and we express no opinion on how it would affect our analysis.