IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1267

 Filed: 19 September 2017

Mecklenburg County, No. 09-CVD-5222 (RLC)

MICHELLE D. SARNO, Plaintiff,

 v.

VINCENT J. SARNO, Defendant.

 Appeal by Plaintiff from order entered 24 April 2013 by Judge Ronald L.

Chapman in Mecklenburg County District Court. Heard in the Court of Appeals 9

August 2017.

 Plumides, Romano, Johnson & Cacheris, PC, by Richard B. Johnson, for
 plaintiff-appellant.

 Krusch & Sellers, P.A., by Leigh B. Sellers, for defendant-appellee.

 HUNTER, JR., Robert N., Judge.

 Michelle D. Sarno (“Plaintiff”) appeals an order awarding child support,

attorney’s fees, and costs to her ex-husband, Vincent J. Sarno (“Defendant”). On

appeal, Plaintiff argues the trial court committed the following errors: (1) deviating

from the North Carolina Child Support Guidelines (“the Guidelines”) without making

the proper findings; (2) awarding Defendant attorney’s fees; (3) awarding Defendant

costs; and (4) crediting Defendant for overpaying child support. We vacate and

remand in part and affirm in part.
 SARNO V. SARNO

 Opinion of the Court

 I. Factual and Procedural Background

 This case arises from a protracted dispute between Plaintiff and Defendant.

Plaintiff and Defendant married on 15 July 2000 and have one child together.

Plaintiff works as a teacher, and Defendant works at Rack Room Shoes, “in an

accounting capacity.” During the summer of 2006,1 the parties separated.

 On 3 March 2009, Plaintiff filed a complaint, seeking child custody, child

support, and equitable distribution of the parties’ property. On 14 March 2009,

Defendant filed an answer and motion to dismiss. On 23 September 2009, the trial

court entered an order for temporary child support. The trial court directed

Defendant pay Plaintiff $558.31 monthly in child support. On or about 16 June 2010,

the parties entered into a consent order for equitable distribution. On 15 September

2010, Defendant filed an amended answer and counterclaim. Defendant requested

child custody, child support, and attorney’s fees. Defendant alleged Plaintiff

“repeated a desire” to move away, possibly to Vermont.

 On 6 and 7 June 2011, the trial court began trial for child custody, child

support, and attorney’s fees. On 14 June 2011, the trial court rendered its judgment

in open court, and referenced findings of fact it would make in a later order. On 11

 1 Plaintiff asserted the parties separated on 6 July 2006. Defendant initially asserted the
parties separated on 31 August 2006. In his amended answer and counterclaim, Defendant described
the date of separation as “on or about mid-August of 2006.”

 -2-
 SARNO V. SARNO

 Opinion of the Court

August 2011, the trial court held a hearing to address “some issues that have come

up with the visitation and custody schedule[,]” child support, and attorney’s fees.

 On 31 August 2011, nunc pro tunc to 14 June 2011, the trial court entered an

order terminating temporary child support. Plaintiff filed a petition for a writ of

mandamus in October 2011, requesting the trial court to issue “its finding of fact or

its ‘other reasons’ for its [August 2011] ruling.” The trial court held a hearing on 19

October 2011. At the hearing, the trial court stated it was “uncertain as to whether

[it has] any authority whatsoever on that case at [that] point.” Although the trial

court had “findings of fact ready[,]” it was unsure how to proceed, due to the

procedural posture of the case.

 On 23 March 2012, the trial court entered an order of permanent child custody,

specifically reserving the issue of child support for later determination. The trial

court found Plaintiff, now engaged to a man from Vermont, still “explored” the

Vermont area as a possible new home. Additionally, Plaintiff planned to relocate to

Vermont around 15 July 2011, and “expressed minimal, if any, concern about the

effect [her] move away from [the child] would have on [the child].” The trial court

expressed “concern[ ]” and noted Plaintiff’s “failure to give recognition to [the child]’s

need for stability and a relationship with both parents[.]” Accordingly, the trial court

ordered the parties to share joint, legal custody. The trial court awarded Defendant

primary physical custody, starting at Plaintiff’s relocation on 15 July 2011, and

 -3-
 SARNO V. SARNO

 Opinion of the Court

Plaintiff secondary physical custody. In the order, the trial court concluded “[t]here

was insufficient time to hear evidence and rule on claims for child support and

attorney fees and the court retains jurisdiction to rule on this issue.”

 On 24 July 2012, Plaintiff filed a motion to modify child custody. Plaintiff

alleged a change of circumstances, namely she planned to remain in North Carolina,

instead of moving to Vermont, as stated at the June 2011 hearings.

 On 14 September 2012, the trial court resumed trial to determine permanent

child support. The hearing largely consisted of arguments from counsel, not

testimony from either party.

 On 24 April 2013, the trial court entered an order for permanent child support

and attorney’s fees. The trial court found Plaintiff’s motion to modify custody was

still pending. Additionally, the trial court found the parties deviated from the

visitation schedule set in the custody order. Because Plaintiff did not move to

Vermont, as originally maintained, Plaintiff exercised additional weekend visitation.

However, the trial court found “[Plaintiff]’s testimony of her overnights did not

convince the court of an exact amount of parenting time.” Additionally, Defendant’s

theory for calculating overnights “was confusing.” The trial court based its child

support “on the current order and practice of the parties[,]” although a motion to

modify custody was pending.

 -4-
 SARNO V. SARNO

 Opinion of the Court

 The trial court calculated child support should be “between a Worksheet A and

a Worksheet B[.]” The trial court calculated the monthly child support amount at

$380.50, between 15 July 2011 and 31 December 2011. The trial court awarded

Defendant $425.00 in monthly child support, effective 1 January 2012. The trial

court also awarded Defendant $2,000 for “reimbursement of overpayment of child

support[.]” The trial court ordered Plaintiff to pay $9,400 in attorney’s fees and costs.

 On 20 May 2013, Defendant’s counsel filed a certificate of service for the 24

April 2013 order. On 19 and 28 June 2013, Plaintiff and Defendant filed notices of

appeal, respectively.

 In an opinion filed 19 August 2014 and an order entered 10 September 2014,

this Court dismissed Plaintiff’s and Defendant’s appeals regarding the order for

permanent child support and attorney’s fees. Sarno v. Sarno, 235 N.C. App. 597, 762

S.E.2d 371 (2014). This Court held the appeals were interlocutory, because the child

support order was a temporary order. Id. at 599-601, 762 S.E.2d at 372-74.

 On 16 April and 14 May 2014, the trial court held hearings on Plaintiff’s motion

to modify child custody. In an order entered 31 October 2014, the trial court modified

custody and awarded primary physical and legal custody to Defendant. On 17

November 2014, Defendant filed a “Rule 52 Motion to Amend Findings and to Make

Additional Findings; Rule 60 Motion to Correct Clerical Errors[.]” On 1 April 2016,

the trial court sent a notice of hearing regarding Defendant’s motions. In an order

 -5-
 SARNO V. SARNO

 Opinion of the Court

file stamped 19 and 20 April 2016, the trial court dismissed, with prejudice,

Defendant’s motions, after Defendant’s counsel failed to appear at the hearing.

 On 20 May 2016, Defendant filed a Rule 60 Motion to correct clerical errors.

Defendant requested the trial court strike “with prejudice” from its April order, and

dismiss Defendant’s motions without prejudice. Additionally, Defendant’s counsel

alleged she reviewed the court file on 12 May 2016. However, the “Memorandum of

Judgment/Order had not yet been filed.” On 15 June 2016, Plaintiff filed notice of

appeal.

 II. Jurisdiction

 Defendant alludes to an untimely notice of appeal by Plaintiff. The record

evinces confusion regarding the file date of the judgment. The judgment is stamped

on both 19 and 20 April 2016. Additionally, the record indicates the judgment was

not filed on 12 May 2016. Plaintiff alleges she did not receive the judgment until on

or about 20 May 2016. To confuse matters even further, there is no certificate of

service attached to the judgment.

 Regardless of any defect in Plaintiff’s notice of appeal, we treat her appeal as

a petition for writ of certiorari. In our discretion, we grant her petition for writ of

certiorari and address the merits of her appeal.

 III. Standard of Review

 -6-
 SARNO V. SARNO

 Opinion of the Court

 “Child support orders entered by a trial court are accorded substantial

deference by appellate courts and our review is limited to a determination of whether

there was a clear abuse of discretion.” Mason v. Erwin, 157 N.C. App. 284, 287, 579

S.E.2d 120, 122 (2003) (citation and quotation marks omitted). “Only a finding that

the judgment was unsupported by reason and could not have been a result of

competent inquiry, or a finding that the trial judge failed to comply with the

statute . . . will establish an abuse of discretion.” Wiencek–Adams v. Adams, 331 N.C.

688, 691, 417 S.E.2d 449, 451 (1992) (internal citations omitted). However, “[t]he

trial court must . . . make sufficient findings of fact and conclusions of law to allow

the reviewing court to determine whether a judgment, and the legal conclusions that

underlie it, represent a correct application of the law.” Ludlam v. Miller, 225 N.C.

App. 350, 355, 739 S.E.2d 555, 558 (2013) (quoting Spicer v. Spicer, 168 N.C. App.

283, 287, 607 S.E.2d 678, 682 (2005))

 We typically review an award of attorney’s fees under N.C. Gen. Stat. § 50-13.6

(2016) for abuse of discretion. However, when reviewing whether the statutory

requirements under section 50-13.6 are satisfied, we review de novo. Hudson v.

Hudson, 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980) (citation omitted). Only when

these requirements have been met does the standard of review change to abuse of

discretion for an examination of the amount of attorney’s fees awarded. Burr v. Burr,

 -7-
 SARNO V. SARNO

 Opinion of the Court

153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (citing Hudson, 229 N.C. at 472,

263 S.E.2d at 724).

 IV. Analysis

 We review Plaintiff’s contention in four parts: (A) deviation from the

Guidelines; (B) attorney’s fees; (C) costs awarded to Defendant; and (D) credit for

overpayment of child support.

A. Deviation from the Guidelines

 Plaintiff argues the trial court failed to make proper findings when it deviated

from the Guidelines. We agree.

 N.C. Gen. Stat. § 50-13.4(c) (2012)2 includes a presumption that the trial court

shall apply the Guidelines. Id. However, if the trial court completes the following

four-step process, it may deviate from the Guidelines:

 [f]irst, the trial court must determine the presumptive
 child support amount under the Guidelines. Second, the
 trial court must hear evidence as to the reasonable needs
 of the child for support and the relative ability of each
 parent to provide support. Third, the trial court must
 determine, by the greater weight of this evidence, whether
 the presumptive support amount would not meet or would
 exceed the reasonable needs of the child considering the
 relative ability of each parent to provide support or would
 be otherwise unjust or inappropriate. Fourth, following its
 determination that deviation is warranted, in order to
 allow effective appellate review, the trial court must enter
 written findings of fact showing the presumptive child
 support amount under the Guidelines; the reasonable

 2We review under the version of the Guidelines effective in 2013, as those were controlling
when the trial court entered its order.

 -8-
 SARNO V. SARNO

 Opinion of the Court

 needs of the child; the relative ability of each party to
 provide support; and that application of the Guidelines
 would exceed or would not meet the reasonable needs of the
 child or would be otherwise unjust or inappropriate.

Spicer, 168 N.C. App. at 292, 607 S.E.2d at 685 (quoting Sain v. Sain, 134 N.C. App.

460, 465-66, 517 S.E.2d 921, 926 (1999), disapproved of on other grounds, O’Connor

v. Zelinske, 193 N.C. App. 683, 693, 668 S.E.2d 615, 621 (2008)).

 Our Court thoroughly summarized what we review for when a trial court

deviates from the Guidelines:

 “[i]f the trial court imposes the presumptive amount of
 child support under the Guidelines, it is not . . . required to
 take any evidence, make any findings of fact, or enter any
 conclusions of law ‘relating to the reasonable needs of the
 child for support and the relative ability of each parent to
 [pay or] provide support.’ ” Biggs v. Greer, 136 N.C. App.
 294, 297, 524 S.E.2d 577, 581 (2000) (quoting Browne v.
 Browne, 101 N.C. App. 617, 624, 400 S.E.2d 736, 740
 (1991)). “However, upon a party’s request that the trial
 court deviate from the Guidelines . . . or the court’s decision
 on its own initiative to deviate from the presumptive
 amounts . . . [,] the court must hear evidence and find facts
 related to the reasonable needs of the child for support and
 the parent’s ability to pay.” Id. at 297, 524 S.E.2d at 581;
 Gowing v. Gowing, 111 N.C. App. 613, 618, 432 S.E.2d 911,
 914 (1993) (stating that “[t]he second paragraph of N.C.
 [Gen. Stat. § ] 50–13.4(c) provides that [,] when a request
 to deviate is made and such evidence is taken, the court
 should hear the evidence and ‘find the facts relating to the
 reasonable needs of the child for support and the relative
 ability of each parent to provide support’ ”). In other words,
 “evidence of, and findings of fact on, the parties’ income,
 estates, and present reasonable expenses are necessary to
 determine their relative abilities to pay.” Brooker v.
 Brooker, 133 N.C. App. 285, 291, 515 S.E.2d 234, 239 (1999)

 -9-
 SARNO V. SARNO

 Opinion of the Court

 (quoting Norton v. Norton, 76 N.C. App. 213, 218, 332
 S.E.2d 724, 728 (1985)). In the course of making the
 required findings, “the trial court must consider ‘the
 reasonable needs of the child for health, education, and
 maintenance, having due regard to the estates, earnings,
 conditions, accustomed standard of living of the child and
 the parties, the child care and homemaker contributions of
 each party, and other facts of the particular case.’ ”
 Beamer, 169 N.C. App. at 598, 610 S.E.2d at 224 (quoting
 State ex rel. Fisher v. Lukinoff, 131 N.C. App. 642, 645, 507
 S.E.2d 591, 594 (1998)). “These ‘factors should be included
 in the findings if the trial court is requested to deviate from
 the [G]uidelines.’ ” Spicer, 168 N.C. App. at 293, 607
 S.E.2d at 685 (quoting Gowing, 111 N.C. App. at 618, 432
 S.E.2d at 914).

Ferguson v. Ferguson, 238 N.C. App. 257, 260-61, 768 S.E.2d 30, 33-34 (2014) (all

alterations in original).

 Plaintiff argues the trial court erred in deviating from the Guidelines without

making the necessary findings. Specifically, Plaintiff argues the order lacks findings

“regarding the appropriate amount of Guideline support . . . [or] about the needs of

the child and ability of the parties to pay that amount.” Defendant agrees the trial

court “failed to satisfy steps two, three, or four of the four-step deviation analysis.”3

 The trial court made findings regarding the parties’ average monthly incomes,

health insurance costs for the child, and work related child care costs for the child.

The trial court further found it could deviate from the Guidelines on its own motion.

 3 After conceding the trial court erred in its findings, Defendant continues and argues we
should direct the trial court to enter child support pursuant to Worksheet A. We decline to make an
advisory opinion on what amount of child support we believe the evidence warrants, as that is within
the discretion of the trial court and not at issue on appeal.

 - 10 -
 SARNO V. SARNO

 Opinion of the Court

In another finding, the trial court stated, “No evidence as to the actual expenditures

of the child outside of work related child care and health care insurance. There is no

evidence of any extraordinary expenses of the child.”

 The trial court failed to make the requisite findings to support deviation from

the Guidelines. Although a trial court’s child support orders are accorded substantial

deference, the order fails to meet our statutory and case law requirements.

Accordingly, we vacate this portion of the order and remand for further findings. The

trial court may, in its discretion, conduct a new hearing and receive additional

evidence.

B. Attorney’s Fees

 Plaintiff next argues the trial court erred in ordering her to pay attorney’s fees

to Defendant. Plaintiff’s argument is four-fold, and we address it in three parts: (i)

findings supporting the award of attorney’s fees; (ii) Plaintiff’s arguments regarding

the relative income of the parties; and (iii) fees awarded regarding Defendant’s

response to Plaintiff’s petition for a writ of mandamus.

 i. Findings Supporting the Award of Attorney’s Fees

 N.C. Gen. Stat. § 50-13.6 provides:

 [i]n an action or proceeding for the custody or support, or
 both, of a minor child . . . the court may in its discretion
 order payment of reasonable attorney’s fees to an
 interested party acting in good faith who has insufficient
 means to defray the expense of the suit. Before ordering
 payment of a fee in a support action, the court must find as

 - 11 -
 SARNO V. SARNO

 Opinion of the Court

 a fact that the party ordered to furnish support has refused
 to provide support which is adequate under the
 circumstances existing at the time of the institution of the
 action or proceeding; provided however, should the court
 find as a fact that the supporting party has initiated a
 frivolous action or proceeding the court may order payment
 of reasonable attorney’s fees to an interested party as
 deemed appropriate under the circumstances.

Id. There is a distinction between fee awards in proceedings solely for child support

and fee awards in actions involving both custody and support:

 [b]efore a court may award fees in an action solely for child
 support, the court must make the required finding under
 the second sentence of the statute: that the party required
 to furnish adequate support failed to do so when the action
 was initiated. On the other hand, when the proceeding or
 action is for both custody and support, the court is not
 required to make that finding. A case is considered one for
 both custody and support when both of those issues were
 contested before the trial court, even if the custody issue is
 resolved prior to the support issue being decided.

Spicer, 168 N.C. App. at 296-97, 607 S.E.2d at 687 (citations omitted). Although

typically labeled findings, these findings are “in reality, [ ] conclusion[s] of law[.]”

Dixon v. Gordon, 223 N.C. App. 365, 372, 734 S.E.2d 299, 304 (2012) (citing Atwell v.

Atwell, 74 N.C. App. 231, 238, 328 S.E.2d 47, 51 (1985)).

 Turning to the attorney’s fees, the trial court found, inter alia:

 48. Defendant is an interested party in both the custody of
 his son and the financial support of his son.

 49. Defendant acted in good faith to object to the Plaintiff’s
 proposed relocation of the child to Vermont.

 - 12 -
 SARNO V. SARNO

 Opinion of the Court

….

51. Defendant has insufficient means to defray the costs of
the suit.

52. Procedurally, this case has been slowed by the heavy
case load of the court system, trial strategy decisions by the
Plaintiff’s counsel, the health issues of prior trial counsel,
as well as personal decisions by Plaintiff.

53. When the case was first set for trial, September 2010,
former counsel for plaintiff sought to limit Defendant’s
evidence or a continuance until such time as Defendant
served an amended answer and counterclaim. This
delayed the trial.

….

55. After receiving an undesirable result in the custody
[case], Plaintiff changed course, and opted to stay in North
Carolina, presumably believing that this would negate the
effects of the Court’s ruling.

56. This created delay in executing an Order resulting
from the hearing, as counsel and the Court made decisions
as to how procedurally to move forward.

57. Plaintiff then filed a Writ of Mandamus which was
denied by the Court of Appeals, seeking an Order, despite
the fact that it was Plaintiff’s actions after trial which had
complicated and slowed the process.

58. Defendant was forced to respond to this filing and
incurred additional expenses.

59. Defendant has depleted all of his inheritance to cover
fees and borrowed money from family.

60. Defendant has no estate, no retirement accounts, or
other assets outside of his income.

 - 13 -
 SARNO V. SARNO

 Opinion of the Court

 61. Defendant supported the child without Plaintiff’s
 assistance since July 15, 2011 and was garnished child
 support until the middle of September 2011 that went to
 the Plaintiff pursuant to an earlier child support ordered
 when she had temporary custody.

 62. Plaintiff acknowledged that she made no payments.

 Plaintiff contends the findings “do not reflect the evidence before the Court

nor . . . are they sufficient findings of fact.” Although Plaintiff recognizes “the trial

court’s findings of fact have more than the bare statutory language,” she asks us to

reverse and remand the trial court’s award.

 We conclude the trial court’s order meets the statutory requirements, as it

found Defendant is an interested party acting in good faith and has insufficient

means to defray the expense of the suit.4 Additionally, while these findings are

properly treated as conclusions, we hold the trial court’s conclusions are supported

by the evidence. The order includes, in Finding of Fact Number 22, Defendant’s gross

income. Finding of Fact Number 23 discussed how Defendant “has borne all of the

expenses associated with the child while in his primary care.” Defendant’s counsel

filed an affidavit, outlining costs and fees incurred by Defendant in this action.

Accordingly, the trial court’s order contains more than “a bald statement that a party

has insufficient means to defray the expenses of the suit[,]” and does not run afoul of

 4 While Plaintiff points to other alleged required findings the trial court must make, we note
those additional findings go to the reasonableness of the amount of attorney’s fees awarded. However,
Plaintiff did not appeal the reasonableness of the amount of fees awarded.

 - 14 -
 SARNO V. SARNO

 Opinion of the Court

our case law. Cameron v. Cameron, 94 N.C. App. 168, 172, 380 S.E.2d 121, 124 (1989)

(citations omitted).

 ii. The Relative Incomes of the Parties

 Plaintiff, throughout her brief and explicitly in assignment of error II. C., asks

this Court to consider her ability to pay Defendant’s attorney’s fees. Plaintiff requests

this Court consider and compare the parties’ estates when reviewing the trial court’s

award of attorney’s fees. Plaintiff cites to no case law in support of this contention.

 We note our case law states “we do not believe that the determination of

whether a party has sufficient means to defray the necessary expenses of the action

requires a comparison of the relative estates of the parties” and N.C. Gen. Stat. § 50-

13.6 “does not require the trial court to compare the relative estates of the parties[.]”

Van Every v. McGuire, 348 N.C. 58, 59-60, 497 S.E.2d 689, 690 (1988) (citation

omitted).5 See also Respess v. Respess, 232 N.C. 611, 635, 754 S.E.2d 691, 707 (2014)

(citations omitted). Accordingly, we hold this assignment of error is without merit.

 iii. Fees Regarding Legal Services for the Writ of Mandamus

 Plaintiff next argues the trial court erred in awarding attorney’s fees related

to Plaintiff’s Writ of Mandamus. Specifically, Plaintiff argues Defendant’s response

 5 This quote is from the North Carolina Supreme Court’s summary of the Court of Appeals’
decision. The North Carolina Supreme Court largely approved of the Court of Appeals’ opinion and
modified the opinion to hold although the trial court does not have to compare the parties’ estates, it
is permitted to do so. Van Every, 348 N.C. at 60, 497 S.E.2d at 690.

 - 15 -
 SARNO V. SARNO

 Opinion of the Court

to her writ of mandamus was “an unnecessary filing[,]” and, thus, Defendant is not

entitled to attorney’s fees.

 Plaintiff argues Findings of Fact Numbers 55 through 62 are unsupported by

the evidence. However, Plaintiff does not challenge Finding of Fact Number 65,6

which states, “A total of $2,920.00 was spent related to responding to the writ of

mandamus filed by Plaintiff. I find that Defendant is entitled to an award of

$2,900.00 for those fees and expenses.”

 Plaintiff argues Defendant’s response was moot, which he admitted in his

response, and, thus, Defendant is not entitled to attorney’s fees for the filing.

Defendant points to evidence showing the trial court “did not understand the impact

of the Petition[.]”

 As stated supra the trial court made the statutorily mandated findings to

award attorney’s fees. Notwithstanding any alleged errors in Findings of Fact

Numbers 55 through 62, the remaining findings show the trial court’s decision was

not an abuse of discretion. In Defendant’s response to Plaintiff’s petition for a writ of

mandamus, Defendant argued the petition is moot. Defendant then addressed the

merits of the petition, in case this Court concluded the petition was not moot.

Although the petition may have been moot, we cannot say Defendant’s filing was

 6 We note Plaintiff does challenge Finding of Fact Number 65 in her argument regarding costs.
However, she does not argue Finding of Fact Number 65 is unsupported by the evidence, and, instead
argues there is no legal basis for the finding, because Defendant did not plead for costs, which we
discuss infra.

 - 16 -
 SARNO V. SARNO

 Opinion of the Court

wholly unnecessary. We note the confusion of the trial court regarding its jurisdiction

because Plaintiff filed her petition for a writ of mandamus. It was in the discretion

of the trial court to award fees for this filing, and we cannot say the trial court’s

decision to award attorney’s fees for Defendant’s response to the petition for writ of

mandamus was manifestly unsupported by reason. We overrule this assignment of

error.

C. Costs Awarded to Defendant

 Plaintiff next argues the trial court erred in awarding Defendant $3,500 in

costs. Specifically, Plaintiff argues “Defendant-Appellee did not plead a request for

costs nor was there a legal basis for costs, therefore, the award of costs to Defendant-

Appellee must be reversed.” Defendant argues his general prayer for relief in his

original answer entitles him to costs.

 Rule 8 of the North Carolina Rules of Civil Procedure requires pleadings to

contain: “[a] demand for judgment for relief to which he deems himself entitled.” N.C.

R. Civ. P. 8(a)(2) (2016). However, “‘[i]t is well-settled law in North Carolina that the

party is entitled to relief which the allegations in the pleadings will justify . . . . It is

not necessary that there be a prayer for relief or that the prayer for relief contain a

correct statement of the relief to which the party is entitled.’” Harris v. Ashley, 38

N.C. App. 494, 498-99, 248 S.E.2d 393, 396 (1978) (quoting East Coast Oil Co. v. Fair,

3 N.C. App. 175, 178, 164 S.E.2d 482, 485 (1968)) (other citations omitted).

 - 17 -
 SARNO V. SARNO

 Opinion of the Court

 We note Defendant filed an amended answer and counterclaim. In his

controlling, amended pleading, he neither requests costs nor included a general

prayer for relief. Hughes v. Anchor Enters., Inc., 245 N.C. 131, 135, 95 S.E.2d 577,

581 (1956) (citation omitted) (holding the amended pleading superseded the original

pleading and controlled). However, because Defendant is “entitled to relief which the

allegations in the pleadings will justify[,]” we affirm the trial court’s award of costs

to Defendant. Harris, 38 N.C. App. at 498-99, 248 S.E.2d at 396 (citation omitted).

We note Plaintiff only challenges the findings of fact supporting the award of costs

for being without “a legal basis” and not for lack of supporting competent evidence.7

Because we hold there is a legal basis for the award, we overrule this assignment of

error.

D. Credit for Overpayment of Child Support

 Finally, Plaintiff argues the trial court erred in awarding Defendant a $2,000

credit for overpayment of child support. Specifically, Plaintiff contends the trial court

did not receive evidence, beyond Defendant’s counsel’s argument, regarding an

overpayment of child support. Essentially, Plaintiff argues Findings of Fact Numbers

39 through 45 are unsupported by the evidence. We agree.

 “This Court’s review is limited to a consideration of whether there is sufficient

competent evidence to support the findings of fact, and whether, based on these

 7
 Additionally, we note Plaintiff does not argue the types of costs awarded were not permitted
by statute. It is not our duty to supplement a party’s brief. N.C. R. App. P. 28(a) (2016).

 - 18 -
 SARNO V. SARNO

 Opinion of the Court

findings, the Court properly computed the child support obligations.” Miller v. Miller,

153 N.C. App. 40, 47, 568 S.E.2d 914, 918-19 (2002) (citation omitted). However, “it

is axiomatic that the arguments of counsel are not evidence.” State v. Collins, 345

N.C. 170, 173, 478 S.E.2d 191, 193 (1996) (citations omitted).

 Plaintiff argues the record contains no sufficient, competent evidence to

support the following findings:

 Overpayment Temporary Order for Child Support Through
 Order of Permanent Custody

 39. Pursuant to a temporary Order for child support,
 entered without prejudice on September 24, 2009,
 Defendant paid an amount for child support of $558.31,
 that was a median between a schedule A and B calculations
 as plaintiff contended that Defendant did not have more
 than 123 overnights.

 40. At trial in 2011, Plaintiff’s own trial Exhibit (10)
 introduced at the custody trial reveals that Defendant had
 approximately 140-145 overnights a year and provided
 100% of the transportation for his visits with the minor
 child, in addition to health insurance and a portion of a
 secondary policy that Mother provided, which the court
 ultimately found unnecessary.

 41. Defendant seeks a reimbursement of overpayment of
 child support and asks the Court to assume that he should
 have paid the worksheet B number included in the
 temporary order.

 42. Defendant paid child support via wage withholding
 pursuant to this temporary order through September 2011
 although an order terminating his support effect July 15,
 2011 was entered in August 2011.

 - 19 -
 SARNO V. SARNO

 Opinion of the Court

 43. Defendant claims that from the entry of the order
 effective August 2009, through the order terminating his
 child support obligation, he over paid child support in the
 amount of $4,392.00 based on the number calculated for a
 B within the order.

 44. The Court finds that it is appropriate to give the
 Defendant some credit for paying more than the guideline
 amount.

 45. The Court finds that it will be too burdensome to have
 Plaintiff repay all of the overages paid and finds in its
 discretion to award a credit of less than one half that
 amount, the sum of $2,000.00.

 Plaintiff contends “there was no evidence offered regarding Defendant-

Appellee’s alleged overpayment of child support” beyond arguments from counsel at

the 14 September 2012 hearing. Defendant argues the 14 September 2012 hearing

“was the resumption of testimony and evidence presented on June 6 & 7 2011[.]”

Defendant then highlights portions of testimony from the 6 and 7 June 2011 hearings.

 We conclude there is insufficient evidence in the record to support the findings

regarding Defendant’s overpayment of child support. Neither Plaintiff nor Defendant

presented testimony at the 14 September 2012 hearing regarding Defendant’s

overpayment. Although Defendant’s counsel argued Defendant overpaid under the

Guidelines worksheet B amount, counsel’s arguments are not evidence. Collins, 345

N.C. at 173, 478 S.E.2d at 193 (citations omitted). Additionally, the record does not

include the transcripts from the 6 or 7 June 2011 hearings, to which Defendant cites.

We are bound by the record on appeal. In re Savage, 163 N.C. App. 195, 196, 592

 - 20 -
 SARNO V. SARNO

 Opinion of the Court

S.E.2d 610, 610-11 (2004) (citation omitted). Thus, we hold the trial court’s findings

are not supported by the evidence. Accordingly, we vacate this portion of the order

and remand for further findings. The trial court may, in its discretion, conduct a new

hearing and receive additional evidence.

 V. Conclusion

 For the reasons stated above, we remand the trial court’s deviation from the

Guidelines and award of overpayment of child support for further findings consistent

with this opinion. We affirm the trial court’s award of attorney’s fees and costs to

Defendant.

 VACATED AND REMANDED IN PART; AFFIRMED IN PART.

 Judge DAVIS concurs.

 Judge MURPHY dissents in a separate opinion.

 - 21 -
 No. COA 16-1267 – Sarno v. Sarno

 MURPHY, Judge, dissenting

 I agree with the Majority’s analysis of the merits of this case. However, I do

not join the Majority in treating the Appellant’s brief as a petition for writ of certiorari

as she failed to request for us to do so or file a petition in conformity with N.C. R.

App. P. 21(a) and consequently would not reach the merits. I am persuaded that this

situation is no different from the situation in the unpublished decision we issued in

State v. Scott, No. COA 15-559, ___ N.C. App. ___, 781 S.E.2d. 351, 2015 WL 8750613

(N.C. Ct. App. December 15, 2015) (unpublished), applying State v. Inman, 206 N.C.

App 324, 696 S.E.2d. 567 (2010). Further, I “decline to exercise [my] discretion under

Rule 2 to correct the defects in [Appellant]’s purported petition for writ of certiorari.”

State v. McCoy, 171 N.C. App. 636, 639, 615 S.E.2d 319, 321 (2005). “It is not the role

of the appellate courts . . . to create an appeal for an [A]ppellant.” Krause v. RK

Motors, LLC, ____ N.C. App. ___, ____, 797 S.E.2d. 335, 339 (2017) (citing Viar v. N.C.

Dep’t of Transp., 359 N.C. 400, 402, 610 S.E.2d. 360, 361 (2005)). Accordingly, I

respectfully dissent and would dismiss the appeal.